# EXHIBIT A

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| AGUSTINA BUENO | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   1:16-cv-04737-WFK-VMS |
| MEL S. HARRIS AND ASSOCIATES, LLC., et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Emery Celli Brinkerhoff & Abady, LLP, 600 Fifth Avenue, 10th Floor, New York, NY 10020

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: The Law Office of Ahmad Keshavarz<br>16 Court Street, 26th Floor<br>Brooklyn, NY 11215 | Date and Time:<br><br>02/03/2016 4:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    01/13/2017

| *CLERK OF COURT* | |
|---|---|
| | OR _____ |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Agustina Bueno
_____ , who issues or requests this subpoena, are:

Ahmad Keshavarz, The Law Office of Ahmad Keshavarz, 16 Court Street, 26th Floor, Brooklyn, NY 11241

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:16-cv-04737-WFK-VMS

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                      *Server's signature*

                                      _____
                                      *Printed name and title*

                                      _____
                                      *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## DEFINITIONS

For definitions in this subpoena, Southern District of New York (SDNY) Local Rule 26.3 is incorporated by reference as to the meaning of discovery terms.

Please note SDNY Local Rule 26.2 regarding the procedure for objections based on claims of privilege.

The term "Plaintiff" means the plaintiff in this action, Ms. Agustina Bueno.  She was the defendant in the collection lawsuit *LR CREDIT 18, LLC v. Agustina Bueno,* Index No. 30133 QCV09 (Civil Court of the City of New York, County of Queens).

The term "*Sykes*" means the class action FDCPA suit, *Sykes v. Mel S. Harris and Associates, LLC,* et al., Case No. 09-cv-8486 (SDNY).

The "LRC Defendants" means the *Sykes* Defendants L–Credit, LLC, LR Credit, LLC, LR Credit 10, LLC, LR Credit 12, LLC, LR Credit 14, LLC, LR Credit 18, LLC, and LR Credit 19, LLC and Leucadia National Corporation.

The SAMSERV Defendants means the *Sykes* Defendants Samserv, Inc., William Mlotok, Todd Fabacher, and Husam Al-Atrash.

The MSH Defendants means the *Sykes* Defendants Mel S. Harris and Associates, LLC, Mel S. Harris, Michael Young, Kerry Lutz, and David Waldman.

The *Sykes Defendants* means the Leucadia Defendants, the SAMSERV Defendants, and the MSH Defendants.

"Rushmore" means Rushmore Recovery Management, LLC

"THE PUTATIVE DEBT" means the debt sought to be collected by way of the underlying action.

"JUDGMENT" or "PUTATIVE JUDGMENT" means the judgment in the underlying action.

"DEBT" means any debt alleged to be owed by Plaintiff, other than the putative debt.

The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

"YOU" or "your" means the party to whom this subpoena is directed, its successors, current and former attorneys, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of the responding party or its successors, predecessors, divisions, and subsidiaries.

"Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession of the item.

## EXHIBIT A:

Please produce each of the following documents in your possession, custody, or control.  If the documents are available in electronic form (e.g. pdf file, excel spreadsheet), please produce in that form.

1. The documents in *Sykes* that are PACER docket entries 68, 87-89, 91, and 104.

2. The documents produced by the *Sykes* Defendants, and Microsoft Access database entitled "Process Service Management System," which formed the basis of the the of the attached July 31, 2011  Egleson Declaration (which documented systematic SAMERV sewer service).

3. Contracts or other documents reflecting the relationships among the *Sykes* Defendants as well as Rushmore.

4. The deposition transcript and any exhibits thereto of Todd Fabacher in *Sykes*.

5. The deposition transcript and any exhibits thereto of SAMSERV or William Mlotok in *Sykes*.

6. The deposition transcript and any exhibits thereto of Husam Al-Atrash

7. The deposition transcript and any exhibits thereto of the Leucadia Defendants in *Sykes*.

8. The deposition transcript and any exhibits thereto of the MSH Defendants in *Sykes*.

9. The deposition transcript and any exhibits thereto of any deposition *Sykes* excluding those of Plaintiffs or the above, along with the same regarding Rushmore.

10. Documents reflecting the income and profit generated during the *Sykes* class period from the cases filed by the MSH Defendants on behalf of the LRC Defendants where service was allegedly done by the SAMSERV Defendants and how said money was divide among these Defendants and Rushmore.

11. Documents reflecting the income and profit generated during the Sykes class period from the cases filed by the MSH Defendants on behalf of the Leucadia Defendants where service was allegedly done by the SAMSERV Defendants and how said money was divided among these Defendants and Rushmore.

12. Documents reflecting how process servers used by the SAMSERV defendants were paid (e.g. whether they were paid only for completed service, if they are paid for each attempt).

Case 1:16-cv-04737-WFK-VMS   Document 40-1   Filed 02/14/17   Page 7 of 67 PageID #: 752
Case 1:16-cv-04737-WFK-VMS   Document 30-7   Filed 12/21/16   Page 2 of 27 PageID #: 357
Case 13-2742, Document 107-2, 11/15/2013, 1093370, Page32 of 57

AA-160

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MONIQUE SYKES, REA VEERABADREN,
KELVIN PEREZ, and CLIFTON
ARMOOGAM, individually and on behalf of
all others similarly situated,

                                        Plaintiffs,

          - against -

MEL S. HARRIS AND ASSOCIATES LLC;
MEL S. HARRIS; MICHAEL YOUNG;
DAVID WALDMAN; KERRY LUTZ; TODD
FABACHER; MEL HARRIS JOHN/JANE
DOES 1-20; LEUCADIA NATIONAL
CORPORATION; L-CREDIT, LLC; LR
CREDIT, LLC; LR CREDIT 10, LLC; LR
CREDIT 14, LLC; LR CREDIT 18, LLC; LR
CREDIT 21, LLC; JOSEPH A. ORLANDO;
PHILIP M. CANNELLA; LR CREDIT
JOHN/JANE DOES 1-20; SAMSERV, INC.;
WILLIAM MLOTOK; BENJAMIN LAMB;
MICHAEL MOSQUERA; JOHN ANDINO;
and SAMSERV JOHN/JANE DOES 1-20,

                                        Defendants.

---

ECF Case
No. 09 Civ. 8486(DC)

**DECLARATION OF
NICHOLAS
EGLESON**

NICHOLAS EGLESON declares under the penalty of perjury, pursuant to 28 U.S.C. §
1746, that the following is true and correct:

1.  I am the founder and president of Paladin Consulting and Programming, which provides
    IT consulting services to New York area health care, social service, and non-profit
    agencies, and commercial clients.  I submit this affidavit in further support of Plaintiffs'
    Motion for Class Certification.

2.  On July 27, 2011, I began analyzing a Microsoft Access database entitled "Process
    Service Management System," which had been produced earlier that day.  I understand

1

Case 1:16-cv-04737-WFK-VMS  Document 40-1  Filed 02/14/17  Page 8 of 67 PageID #: 753
Case 1:16-cv-04737-WFK-VMS  Document 30-7  Filed 12/21/16  Page 3 of 27 PageID #: 358
Case 13-2742, Document 107-2, 11/15/2013, 1093370, Page33 of 57

AA-161

that this database is a record of all service of process performed by Samserv for Mel

Harris and Associates, LLC, from January 2007 through January 2011.

3.  Because I received the entire set of data on July 27, 2011, my analysis at this point is

necessarily non-comprehensive.  I believe there may be more data indicative of

consistent, easily ascertainable trends that I have not yet been able to review.

4.  The database contains 123,828 records of service, including 94,123 records of cases filed

by Mel Harris in the New York City Civil Court.  Of these records, 59,959 concern

service of a summons and complaint in cases filed by Mel Harris on behalf of the

Leucadia Defendants in New York City Civil Court.

5.  For each record of service, the database contains a number of fields, including the name

of the process server, his or her employee ID number, the date the process server was

assigned to serve process, the method of service, the date and time of service, and, if

applicable, the name and a description of the person served.  The database also contains

payment information for process servers.

6.  For method of service, the database specifies the following methods of service: personal

service, nail and mail, substitute service, corporate service, and several types of

unsuccessful service.[1]  In this affidavit I use the term "completed service" to mean

instances in which a process server visited an address and effected service.  "Attempted

service" means instances in which a process server visited an address but did not effect

service.  "Visits" means all instances in which a process server went to an address,

---

[1]"Unsuccessful service" includes the following categories: nonservice, bad address, moved, new
address, not known at address, P.O. Box, no apartment number, deceased, miscellaneous,
jurisdiction and "retd-per atty-not serv."

2

Case 1:16-cv-04737-WFK-VMS   Document 40-1   Filed 02/14/17   Page 9 of 67 PageID #: 754
Case 1:16-cv-04737-WFK-VMS   Document 30-7   Filed 12/21/16   Page 4 of 27 PageID #: 359
Case 13-2742, Document 107-2, 11/15/2013, 1093370, Page34 of 57

AA-162

whether or not service was effected.  In other words, "visits" equals attempted plus completed services.

7. Six individual process servers (Assmat Abdelrahman, John Andino, Benjamin Lamb, Michael Mosquera, Angelo Rivera and James Stevens) accounted for 79% of all service performed by Samserv for Mel Harris in New York City between January 2007 and January 2011.  Together, these individuals reported 74,446 services.

8. I was able to isolate several subsets of data by running queries in Microsoft Access, as well as by exporting the data into Microsoft SQL Server and Microsoft Excel.

**Impossible and Highly Improbable Reports of Service**

9. The data shows multiple instances of the same process server recording two or more services at different addresses at the same hour and minute – a physical impossibility. Twenty-three out of 25 servers who reported serving in New York City logged simultaneous visits at different addresses.  Attached as Exhibit A is a table displaying the number of times each process server reported simultaneously being in at least two different locations in New York City at the same time.

10. For example, Defendant Mosquera claimed to be at four different locations on September 17, 2008 at 1 p.m., Defendant Lamb claimed to be in two different locations on November 28, 2007 at 6:59 p.m., and Defendant Andino claimed to be in nine different locations on March 29, 2007 at 4 p.m.

11. Overall, the data shows that Defendant Andino claimed to be in two or more places at the same time on 327 occasions, Defendant Mosquera on 124 occasions, and Defendant Lamb on 66 occasions.

Case 1:16-cv-04737-WFK-VMS   Document 40-1   Filed 02/14/17   Page 10 of 67 PageID #: 755
Case 1:16-cv-04737-WFK-VMS   Document 30-7   Filed 12/21/16   Page 5 of 27 PageID #: 360
Case 13-2742, Document 107-2, 11/15/2013, 1093370, Page35 of 57

AA-163

12. Furthermore, in 2,915 instances, a process server claimed to have attempted or completed service *before* the date that the service was assigned to that process server – another physical impossibility.

13. Finally, each of the six most active process servers reported physically impossible travel times.

14. To determine actual travel time, I filtered the relevant data columns by server and date, sorted by time of visit, and ran a comparison with a driving route generated by Google Maps.

15. The data shows several instances where individual process servers reported making 40 to 100 visits in a day in less time than Google Maps estimates is required for the continuous drive time alone. The Google estimates assume a continuous driving route and do not include time for other activities, such as parking a vehicle, entering a building, serving legal papers, or updating a logbook.

16. The data also shows instances where process servers report having served papers in an order that required nonsensical backtracking along the route.

17. Attached as Exhibit B(1) through B(6) are tables displaying examples of simultaneous service, impossible travel times and nonsensical backtracking as reported by the six most active servers.

18. For example, Exhibit B(1) shows that on the morning of October 2, 2008, while serving defendants in Staten Island, Defendant Mosquera reported having completed 10 hours and 24 minutes of travel time in only two hours and five minutes. On that morning alone, Defendant Mosquera consistently backtracked among zip codes, and also reported four instances when he was in two different locations at the exact same time.

4

Case 1:16-cv-04737-WFK-VMS   Document 40-1   Filed 02/14/17   Page 11 of 67 PageID #: 756
Case 1:16-cv-04737-WFK-VMS   Document 30-7   Filed 12/21/16   Page 6 of 27 PageID #: 361
Case 13-2742, Document 107-2, 11/15/2013, 1093370, Page36 of 57

AA-164

19. Exhibit B(2) shows that on December 8, 2007, while serving defendants in the Bronx, Defendant Lamb reported having completed 12 hours and 15 minutes of travel in seven hours and 10 minutes. On that day alone, Defendant Lamb consistently backtracked among zip codes and also reported 10 instances when he was in two different locations at the exact same time.

20. Exhibit B(3) shows that on October 15, 2007, while serving defendants in Brooklyn, process server James Stevens reported making visits almost exclusively within five-minute increments. A particularly odd entry shows that from 6:30 to 6:45 p.m., Mr. Stevens traveled to an address that according to Google Maps would take him 22 minutes, not 15. Mr. Stevens also reported making this same impossible trip in 15 minutes on two other dates for additional service attempts. Also on October 15, 2007, Mr. Stevens reported four instances when he was in two different locations at the exact same time, including one for which he reported simultaneous service attempts at the same two addresses on two other dates.

21. Exhibit B(4) shows that on December 15, 2007, while serving defendants in Brooklyn, process server Angelo Rivera reported having completed eight hours and 48 minutes of travel in six hours and 39 minutes. During that time period, Mr. Rivera reported a travel time of one minute for a distance that according to Google Maps would take 31 minutes to complete. On that day Mr. Rivera backtracked among zip codes repeatedly, and also reported three instances where he was in two different locations at the exact same time.

22. Exhibit B(5) shows that on January 28, 2008, while serving defendants in the Bronx, Defendant Andino reported having completed 16 hours and 57 minutes of travel time in five hours and 36 minutes. During that time period Defendant Andino backtracked

5

Case 1:16-cv-04737-WFK-VMS Document 40-1 Filed 02/14/17 Page 12 of 67 PageID #: 757
Case 1:16-cv-04737-WFK-VMS Document 30-7 Filed 12/21/16 Page 7 of 27 PageID #: 362
Case 13-2742, Document 107-2, 11/15/2013, 1093370, Page37 of 57

AA-165

repeatedly among zip codes, and reported 10 instances where he was in two different

places at the exact same time.

23. Exhibit B(6) shows that on October 6, 2008, process server Assmat Abdelrahman

reported making service attempts in Brooklyn at 16 different addresses in the span of two

hours and 23 minutes, despite the fact that the driving time alone among those locations

would have taken three hours and 27 minutes. Mr. Abdelrahman reported consistently

backtracking among zip codes throughout the day, in one instance claiming a space of

one minute between services when the drive would have taken at least 21 minutes. He

also reported an instance of being at two different addresses at the exact same time.

**Methods and Volume of Service**

24. The data shows that a strikingly small number of individuals performed most of the

reported service. Six individual process servers (Assmat Abdelrahman, John Andino,

Benjamin Lamb, Michael Mosquera, Angelo Rivera and James Stevens) accounted for

79% of all service performed by Samserv for Mel Harris in New York City between

January 2007 and January 2011. Together, these individuals reported 74,446 services.

25. The six process servers reported high volumes of service, including hundreds of days on

which they claimed to have made more than 40 visits in a single day. See table attached

at Exhibit C.

26. The six process servers also reported widely divergent rates of personal, substitute, and

nail and mail service. For example, Defendant Mosquera reported personal service in

1% of cases, substitute service in 88% of cases, and nail and mail in 8% of cases.

Defendant Lamb reported personal service in 5% of cases, substitute service in 91% of

cases, and almost never reported nail and mail service. Meanwhile, Defendant Andino

6

Case 1:16-cv-04737-WFK-VMS   Document 40-1   Filed 02/14/17   Page 13 of 67 PageID #: 758
Case 1:16-cv-04737-WFK-VMS   Document 30-7   Filed 12/21/16   Page 8 of 27 PageID #: 363
Case 13-2742, Document 107-2, 11/15/2013, 1093370, Page38 of 57

AA-166

reported nail and mail service in 80% of cases.  See tables and charts attached at Exhibit D.

27. Overall, Samserv process servers in New York City reported effecting personal service in 3.5% of cases, substitute service in 69% of cases, and nail and mail service in 22.4% of cases.

**Payment of Process Servers**

28. Samserv's database contains information regarding payment rates, including whether or not a process server would be compensated for various service outcomes.

29. The database indicates that individual process servers were to be paid from $6.50 to $10 for each completed service, with the majority of the servers to be paid less than $10 per completed service.

30. The database also indicates that process servers received no payment when they reported that the address was not valid, the defendant had moved, the defendant was at a new address, the defendant was not known at the service address, the service address was a post office box, or the service address lacked an apartment number.

31. In 95% of NYC Civil Court cases, process servers reported an outcome for which they would be paid.

Case 1:16-cv-04737-WFK-VMS  Document 40-1  Filed 02/14/17  Page 14 of 67 PageID #: 759
Case 1:16-cv-04737-WFK-VMS  Document 30-7  Filed 12/21/16  Page 9 of 27 PageID #: 364
Case 13-2742, Document 107-2, 11/15/2013, 1093370, Page39 of 57
AA-167

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 31, 2011
New York, New York

NICHOLAS EGLESON

Case 1:16-cv-04737-WFK-VMS   Document 40-1   Filed 02/14/17   Page 15 of 67 PageID #: 760
Case 1:16-cv-04737-WFK-VMS   Document 30-7   Filed 12/21/16   Page 10 of 27 PageID #: 365
Case 13-2742, Document 107-2, 11/15/2013, 1093370, Page40 of 57

AA-168

**Exhibit A - Simultaneous Visits to Different Addresses**

Instances when servers report being at 2 or more addresses at the same time,
for servers who claimed to serve in NYC Civil

| Employee ID# | Name | # instances |
|---|---|---|
| | | |
| 1 | M. MOSQUERA | 124 |
| 2 | LAMB | 66 |
| 12 | STEVENS | 410 |
| 52 | RIVERA | 84 |
| 58 | ANDINO | 327 |
| 63 | ABDELRAHMAN | 122 |
| Other NYC Civil servers (<4000 service claims) | | |
| 3 | PINDER | 11 |
| 4 | LEWIS | 5 |
| 11 | WEGARD | 21 |
| 21 | D. MOSQUERA | 204 |
| 26 | BENITEZ | 41 |
| 55 | JACOBS | 42 |
| 56 | DWORETSKY | 138 |
| 57 | DEGENNARO | 1 |
| 60 | NEWMAN | 5 |
| 61 | ACEVEDO | 107 |
| 62 | JOSEPH | 3 |
| 64 | TANEGA | 2 |
| 66 | H. AL-ATRASH | 9 |
| 67 | MILLER | 85 |
| 71 | N. ATRASH | 34 |
| 72 | MATHERS | 24 |
| 73 | ISSAM | 2 |
| 77 | BARRETT | 0 |
| 78 | IBRAHIM | 0 |

Exhibit B1 - Mosquera Impossible Travel 10/2/2008

Key:

Nonsensical ZIP Code backtracking

Client to be in two places at once

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| MOSQUERA | 69 ARLO RD APT 2A | STATEN ISLAND | NY | 10301 | | N&M | 10/2/2008 | 6:01 AM |
| MOSQUERA | | | | | | N&M | | |
| MOSQUERA | 69 WOLKOFF LN | STATEN ISLAND | NY | 10303 | 11 | 4 N&M | 10/2/2008 | 6:13 AM |
| MOSQUERA | | | | | | N&M | | |
| MOSQUERA | | | | | | N&M | | |
| MOSQUERA | | | | | | N&M | | |
| MOSQUERA | | | | | | N&M | | |
| MOSQUERA | | | | | | N&M | | |
| MOSQUERA | | | | | | N&M | | |
| MOSQUERA | | | | | | N&M | | |
| MOSQUERA | | | | | | N&M | | |
| MOSQUERA | | | | | | N&M | | |
| MOSQUERA | | | | | | N&M | 10/2/2008 | 7:01 AM |
| MOSQUERA | | | | | | N&M | 10/2/2008 | 7:01 AM |
| MOSQUERA | | | | | | N&M | | |
| MOSQUERA | | | | | | N&M | | |
| MOSQUERA | | | | | | N&M | 10/2/2008 | 6:12 AM |
| MOSQUERA | | | | | | N&M | 10/2/2008 | 7:17 AM |
| MOSQUERA | | | | | | N&M | | |
| MOSQUERA | | | | | | N&M | | |
| MOSQUERA | | | | | | N&M | | |
| MOSQUERA | | | | | | N&M | | |
| MOSQUERA | | | | | | N&M | 10/2/2008 | 7:51 AM |
| MOSQUERA | | | | | | N&M | 10/2/2008 | 7:51 AM |
| MOSQUERA | | | | | | N&M | | |
| MOSQUERA | | | | | | N&M | | |
| MOSQUERA | | | | | | N&M | | |
| MOSQUERA | 772 ROSSVILLE AVE 2 | STATEN ISLAND | NY | 10309 | 6 | 5 N&M | 10/2/2008 | 7:50 AM |
| MOSQUERA | | | | | | N&M | 10/2/2008 | 7:53 AM |
| MOSQUERA | | | | | | N&M | | |
| MOSQUERA | | | | | | N&M | | |

Page 1 of 2

## Exhibit B1 - Mosquera Impossible Travel 10/2/2008

| | | | | | | |
|---|---|---|---|---|---|---|
| MOSQUERA | | | | | N&M | |
| MOSQUERA | | | | | N&M | |
| MOSQUERA | | | | | N&M | |
| MOSQUERA 114 KENMORE ST | STATEN ISLAND | NY | 10312 | | N&M | 10/2/2008 | 10:44 AM |
| MOSQUERA | | | | | N&M | |
| MOSQUERA 112 MC VEIGH AVE | STATEN ISLAND | NY | 10314 | | N&M | 10/2/2008 | 11:06 AM |
| MOSQUERA 31 WESTPORT LN | STATEN ISLAND | NY | 10314 | | N&M | 10/2/2008 | 11:18 AM |
| MOSQUERA 512 BUCHANAN AVE | STATEN ISLAND | NY | 10314 | | N&M | 10/2/2008 | 11:32 AM |
| MOSQUERA 69 BOWDOIN ST | STATEN ISLAND | NY | 10314 | | N&M | 10/2/2008 | 1:06 PM |
| MOSQUERA | | | | | N&M | |
| MOSQUERA 111 FREEDOM AVE APT 1A | STATEN ISLAND | NY | 10314 | | N&M | 10/2/2008 | 1:20 PM |
| MOSQUERA 154 DRAKE AVE | STATEN ISLAND | NY | 10314 | | N&M | 10/2/2008 | 1:33 PM |
| MOSQUERA 72 REGIS DR | STATEN ISLAND | NY | 10314 | | N&M | 10/2/2008 | 2:00 PM |
| MOSQUERA 1726 RICHMOND RD APT 1A | STATEN ISLAND | NY | 10306 | | N&M | 10/2/2008 | 8:01 PM |
| MOSQUERA 366 JEFFERSON AVE | STATEN ISLAND | NY | 10306 | | N&M | 10/2/2008 | 8:20 PM |
| MOSQUERA 38 DUMONT AVE | STATEN ISLAND | NY | 10305 | | N&M | 10/2/2008 | 8:31 PM |
| MOSQUERA 80 HAFSTROM ST | STATEN ISLAND | NY | 10306 | | N&M | 10/2/2008 | 8:43 PM |
| MOSQUERA 15 HETT AVE | STATEN ISLAND | NY | 10305 | | N&M | 10/2/2008 | 8:56 PM |
| MOSQUERA 49 EMMET AVE | STATEN ISLAND | NY | 10306 | | N&M | 10/2/2008 | 9:10 PM |
| MOSQUERA 12 LUKE CT | STATEN ISLAND | NY | 10306 | | N&M | 10/2/2008 | 9:24 PM |
| MOSQUERA 44 ROWAN AVE | STATEN ISLAND | NY | 10306 | | N&M | 10/2/2008 | 9:36 PM |
| MOSQUERA 133 CUBA AVE | STATEN ISLAND | NY | 10306 | | N&M | 10/2/2008 | 9:50 PM |

Exhibit B2 - Lamb Impossible Travel 12/8/2007

Key:

Nonsensical ZIP Code backtracking

Column in the al backtracks at once

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| LAMB | 2979 EDSON AVE FL 2 | BRONX | NY | 10469 | 12/8/2007 | 7:40 AM | | | Sub. |
| LAMB | | | | | 12/8/2007 | 7:03 AM | | | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | | | | | 1/7/2007 | 7:58 AM | | | Sub. |
| LAMB | | | | | 1/8/2007 | 7:58 AM | | | Sub. |
| LAMB | 278 SWINTON AVE | BRONX | NY | 10465 | 12/8/2007 | 8:07 AM | 9 | | 8 Sub. |
| LAMB | 820 COLGATE AVE | BRONX | NY | 10473 | 12/8/2007 | 8:14 AM | 4 | | 0 Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | 875 MORRISON AVE APT 11K | BRONX | NY | 10473 | 12/8/2007 | 8:33 AM | 5 | | 4 Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | 825 MORRISON AVE APT 11F | BRONX | NY | 10473 | 12/8/2007 | 8:42 AM | 5 | | 4 Sub. |
| LAMB | 1154 ELDER AVE APT 2R | BRONX | NY | 10472 | 12/8/2007 | 8:47 AM | 5 | | 4 Sub. |
| LAMB | | | | | 12/8/2007 | 8:17 AM | | | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | 523 COMMONWEALTH AVE APT H31 | BRONX | NY | 10473 | 12/8/2007 | 9:18 AM | 7 | | 0 Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | | | | | | | | | Sub. |

Page 1 of 3

## Exhibit B2 - Lamb Impossible Travel 12/8/2007

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| LAMB | 2180 BRONX PARK E APT 2A APT 2A | BRONX | NY | 10462 | 12/8/2007 | 9:38 AM | 12 | 5 | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | 1515 METROPOLITAN AVE | BRONX | NY | 10462 | 12/8/2007 | 9:50 AM | 10 | 9 | Sub. |
| LAMB | 1553 UNIONPORT RD | BRONX | NY | 10462 | 12/?/2007 | | 9 | 1 | Sub. |
| LAMB | | | | | | 0:46 AM | | | Sub. |
| LAMB | 740 BEACH AVE APT 6E | BRONX | NY | 10473 | 12/8/2007 | 10:10 AM | 11 | 1 | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | 1436 BEACH AVE APT 26 | BRONX | NY | 10460 | | 10:30 AM | 11 | 8 | Sub. |
| LAMB | | | | | | 10:30 AM | | | Sub. |
| LAMB | 2087 CRESTON AVE APT 6A | BRONX | NY | 10453 | 12/8/2007 | 10:35 AM | 9 | 1 | Sub. |
| LAMB | | | | | 12/8/2007 | 10:35 AM | | | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | 1734 ADAMS ST APT 2R | BRONX | NY | 10460 | 12/8/2007 | | 10 | 9 | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | 140 ALCOTT PL APT 18G | BRONX | NY | 10475 | 12/8/2007 | 12:22 PM | 10 | 3 | Sub. |
| LAMB | 120 CASALS PL APT 15K | BRONX | NY | 10475 | 12/8/2007 | 12:34 PM | 12 | 5 | Sub. |
| LAMB | 100 ELGAR PL APT 22B | BRONX | NY | 10475 | 12/8/2007 | 12:47 PM | 13 | 5 | Sub. |
| LAMB | 2185 REEDS MILL LN FL 14 APT 14J | BRONX | NY | 10475 | 12/8/2007 | 12:59 PM | 12 | 7 | Sub. |
| LAMB | 3300 PALMER AVE APT 330 | BRONX | NY | 10475 | 12/8/2007 | | 11 | 2 | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | 1086 SOUTHERN BLVD APT 13 | BRONX | NY | 10459 | 12/8/2007 | 1:22 PM | 12 | 3 | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | | | | | | | | | Sub. |

Page 2 of 3

## Exhibit B2 - Lamb Impossible Travel 12/8/2007

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| LAMB | | | | | | | | | Sub. |
| LAMB | 2113 HAVILAND AVE | BRONX | NY | 10472 | 12/8/2007 | 1:48 PM | 9 | 4 | Sub. |
| LAMB | | | | | | | | | Pers. |
| LAMB | | | | | | | | | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | | | | | | | | | Sub. |
| LAMB | 1771 GLEASON AVE APT 3 | BRONX | NY | 10472 | 12/8/2007 | 2:18 PM | | | Sub. |
| LAMB | 1253 NOBLE AVE APT 2 | BRONX | NY | 10472 | 12/8/2007 | 2:26 PM | | | Sub. |
| LAMB | 1271 CROES AVE | BRONX | NY | 10472 | 12/8/2007 | 2:35 PM | | | Sub. |
| LAMB | 1132 FTELEY AVE APT 1R | BRONX | NY | 10472 | 12/8/2007 | 2:43 PM | | | Sub. |
| LAMB | 1250 MORRISON AVE APT 3C | BRONX | NY | 10472 | 12/8/2007 | 2:53 PM | | | Sub. |
| LAMB | 1245 MORRISON AVE | BRONX | NY | 10472 | 12/8/2007 | 3:00 PM | | | Sub. |
| LAMB | 1240 MORRISON AVE APT 2N | BRONX | NY | 10472 | 12/8/2007 | 3:07 PM | | | Sub. |
| LAMB | 3431 ELY AVE FLR 2 | BRONX | NY | 10469 | 12/8/2007 | 5:31 PM | | | Sub. |
| LAMB | 3301 LACONIA AVE | BRONX | NY | 10469 | 12/8/2007 | 5:44 PM | | | Sub. |
| LAMB | 3331 SEYMOUR AVE | BRONX | NY | 10469 | 12/8/2007 | 5:55 PM | | | Sub. |
| LAMB | 3326 FISH AVE | BRONX | NY | 10469 | 12/8/2007 | 6:02 PM | | | Sub. |
| LAMB | 2919 YATES AVE | BRONX | NY | 10469 | 12/8/2007 | 6:12 PM | | | Sub. |
| LAMB | 2741 MICKLE AVE | BRONX | NY | 10469 | 12/8/2007 | 6:21 PM | | | Sub. |
| LAMB | 2550 STEDMAN PL | BRONX | NY | 10469 | 12/8/2007 | 6:34 PM | | | Sub. |
| LAMB | 1531 HAMMERSLEY AVE 1 | BRONX | NY | 10469 | 12/8/2007 | 6:48 PM | | | Sub. |
| LAMB | 1210 BURKE AVE APT 3F | BRONX | NY | 10469 | 12/8/2007 | 6:59 PM | | | Sub. |
| LAMB | 1324 OAKLEY ST FL 1 | BRONX | NY | 10469 | 12/8/2007 | 9:10 PM | | | Sub. |
| LAMB | 2574 RADCLIFF AVE | BRONX | NY | 10469 | 12/8/2007 | 9:20 PM | | | Sub. |
| LAMB | | | | | | | | | Pers. |
| LAMB | 1636 PARKER STREET | BRONX | NY | 10462 | 12/8/2007 | 9:44 PM | | | Sub. |
| LAMB | | | | | | | | | Sub. |

## Exhibit B3 - Stevens Impossible Travel 10/15/2007

**Key:**
Claimed service on this day
Nonsensical ZIP Code backtracking
Claim to be in two places at once

| Name | Address | City | State | ZIP | Date | Time | Flag | Date | Time | Date | Time |
|---|---|---|---|---|---|---|---|---|---|---|---|
| STEVENS | 2302 ATLANTIC AVE APT | BROOKLYN | NY | 11233 | 10/15/2007 | 6:30 AM | N&M | 10/12/2007 | 7:05 PM | 10/13/2007 | 12:35 PM |
| STEVENS | 24 ROCKAWAY AVE 2 | BROOKLYN | NY | 11233 | 10/15/2007 | 6:35 AM | N&M | 10/12/2007 | 7:10 PM | 10/13/2007 | 12:40 PM |
| STEVENS | 1125 DECATUR ST APT 2 | BROOKLYN | NY | 11207 | 10/15/2007 | 6:40 AM | N&M | 10/12/2007 | 7:15 PM | 10/13/2007 | 12:45 PM |
| STEVENS | 83 COOPER ST | BROOKLYN | NY | 11207 | 10/15/2007 | 6:45 AM | N&M | 10/12/2007 | 7:20 PM | 10/13/2007 | 12:50 PM |
| STEVENS | 134 WEIRFIELD ST FL 1 | BROOKLYN | NY | 11221 | 10/15/2007 | 6:50 AM | N&M | 10/12/2007 | 7:25 PM | 10/13/2007 | 12:55 PM |
| STEVENS | | | | | 10/15/2007 | 6:55 AM | Sub. | | | | |
| STEVENS | | | | | 10/15/2007 | 6:59 AM | N&M | | 7:30 PM | 10/13/2007 | 1:07 PM |
| STEVENS | 219 SCHOLES ST APT 4B | BROOKLYN | NY | 11206 | 10/15/2007 | 7:01 AM | N&M | 10/12/2007 | 7:35 PM | 10/13/2007 | 1:05 PM |
| STEVENS | 899 METROPOLITAN AVE | BROOKLYN | NY | 11211 | 10/15/2007 | 7:05 AM | N&M | 10/12/2007 | 7:40 PM | 10/13/2007 | 1:10 PM |
| STEVENS | 184 CONSELYEA ST APT 2 | BROOKLYN | NY | 11211 | 10/15/2007 | 7:10 AM | N&M | 10/12/2007 | 7:45 PM | 10/13/2007 | 1:15 PM |
| STEVENS | 204 JACKSON ST APT 2 | BROOKLYN | NY | 11211 | 10/15/2007 | 7:25 AM | N&M | 10/12/2007 | 7:50 PM | 10/13/2007 | 1:20 PM |
| STEVENS | 367 S 2ND ST APT 5D | BROOKLYN | NY | 11211 | 10/15/2007 | 7:20 AM | Sub. | | | | |
| STEVENS | 413 S 5TH ST APT 1 | BROOKLYN | NY | 11211 | 10/15/2007 | 7:25 AM | N&M | 10/12/2007 | 7:55 PM | 10/13/2007 | 1:25 PM |
| STEVENS | 200 THROOP AVE APT 14D | BROOKLYN | NY | 11206 | 10/15/2007 | 7:30 AM | N&M | 10/12/2007 | 8:07 PM | 10/13/2007 | 1:30 PM |
| STEVENS | 231 VERNON AVE | BROOKLYN | NY | 11206 | 10/15/2007 | 7:35 AM | N&M | 10/12/2007 | 8:05 PM | 10/13/2007 | 1:35 PM |
| STEVENS | 935 LAFAYETTE AVE APT 1 | BROOKLYN | NY | 11221 | 10/15/2007 | 7:40 AM | N&M | 10/12/2007 | 8:10 PM | 10/13/2007 | 1:40 PM |
| STEVENS | 854 MACON ST APT 1 | BROOKLYN | NY | 11233 | 10/15/2007 | 7:45 AM | N&M | 10/12/2007 | 8:15 PM | 10/13/2007 | 1:45 PM |
| STEVENS | 110 CHAUNCEY ST FL 5 APT | BROOKLYN | NY | 11233 | 10/15/2007 | 7:50 AM | N&M | 10/12/2007 | 8:20 PM | 10/13/2007 | 1:50 PM |
| STEVENS | 1568 LINCOLN PL | BROOKLYN | NY | 11233 | 10/15/2007 | 7:55 AM | N&M | 10/12/2007 | 8:25 PM | 10/13/2007 | 1:55 PM |
| STEVENS | 1351 EASTERN PKWY APT | BROOKLYN | NY | 11233 | 10/15/2007 | 8:01 AM | N&M | 10/12/2007 | 8:30 PM | 10/13/2007 | 2:05 PM |
| STEVENS | 877 EMPIRE BLVD APT B10 | BROOKLYN | NY | 11213 | 10/15/2007 | 8:05 AM | N&M | 10/12/2007 | 8:35 PM | 10/13/2007 | 2:10 PM |
| STEVENS | | | | | | | Sub. | | | | |
| STEVENS | 763 EASTERN PKWY APT | BROOKLYN | NY | 11213 | 10/15/2007 | 8:15 AM | Pers. | | | | |
| STEVENS | 127 KINGSTON AVE APT 3C | BROOKLYN | NY | 11213 | 10/15/2007 | 8:20 AM | N&M | 10/12/2007 | 8:50 PM | 10/13/2007 | 2:25 PM |
| STEVENS | 1625 FULTON ST APT C113 | BROOKLYN | NY | 11213 | 10/15/2007 | 8:30 AM | Pers. | | | | |
| STEVENS | 604 POWELL ST | BROOKLYN | NY | 11212 | 10/15/2007 | 8:50 AM | Pers. | | | | |
| STEVENS | | | | | | | Pers. | | | | |
| STEVENS | 1119 CARROLL ST APT 4B | BROOKLYN | NY | 11225 | 10/16/2007 | 6:40 AM | N&M | 10/13/2007 | 6:05 PM | 10/15/2007 | 1:10 PM |
| STEVENS | 360 MONTGOMERY ST | BROOKLYN | NY | 11225 | 10/16/2007 | 6:45 AM | N&M | 10/13/2007 | 6:10 PM | 10/15/2007 | 1:15 PM |
| STEVENS | 11 MCKEEVER PL APT 8C | BROOKLYN | NY | 11225 | 10/16/2007 | 6:50 AM | N&M | 10/13/2007 | 6:15 PM | 10/15/2007 | 1:20 PM |
| STEVENS | 1035 WASHINGTON AVE | BROOKLYN | NY | 11225 | 10/16/2007 | 6:55 AM | N&M | 10/13/2007 | 6:20 PM | 10/15/2007 | 1:25 PM |
| STEVENS | 55 OCEAN AVE APT C3 | BROOKLYN | NY | 11225 | 10/16/2007 | 7:01 AM | N&M | 10/13/2007 | 6:25 PM | 10/15/2007 | 1:30 PM |
| STEVENS | 54 STERLING ST | BROOKLYN | NY | 11225 | 10/16/2007 | 7:05 AM | N&M | 10/13/2007 | 6:30 PM | 10/15/2007 | 1:35 PM |
| STEVENS | 390 STERLING ST APT 2X | BROOKLYN | NY | 11225 | 10/16/2007 | 7:15 AM | N&M | 10/13/2007 | 6:35 PM | 10/15/2007 | 1:40 PM |
| STEVENS | 248 MAPLE ST APT 6B | BROOKLYN | NY | 11225 | 10/16/2007 | 7:20 AM | N&M | 10/13/2007 | 6:40 PM | 10/15/2007 | 1:45 PM |
| STEVENS | 249 MIDWOOD ST APT 12 | BROOKLYN | NY | 11225 | 10/16/2007 | 7:25 AM | N&M | 10/13/2007 | 6:45 PM | 10/15/2007 | 1:50 PM |
| STEVENS | 254 RUTLAND RD | BROOKLYN | NY | 11225 | 10/16/2007 | 7:30 AM | N&M | 10/13/2007 | 6:50 PM | 10/15/2007 | 1:55 PM |
| STEVENS | 594 ROGERS AVE APT 4R | BROOKLYN | NY | 11225 | 10/16/2007 | 7:35 AM | N&M | 10/13/2007 | 6:55 PM | 10/15/2007 | 2:01 PM |

## Exhibit B3 - Stevens Impossible Travel 10/15/2007

| Name | Address | City/State | Zip | Date | Time | Cat. | Date | Time | Date | Time |
|---|---|---|---|---|---|---|---|---|---|---|
| STEVENS | 537 ROGERS AVE | BROOKLYN NY | 11225 | 10/16/2007 | 7:40 AM | N&M | 10/13/2007 | 7:01 PM | 10/16/2007 | 7:10 PM |
| STEVENS | | | | 10/17/2007 | 7:35 AM | N&M | 10/15/2007 | 7:05 PM | 10/15/2007 | 7:10 PM |
| STEVENS | 690 CLARKSON AVE APT 4L | BROOKLYN NY | 11226 | 10/16/2007 | 7:45 AM | N&M | 10/13/2007 | 7:05 PM | 10/15/2007 | 2:10 PM |
| STEVENS | 290 LINDEN BLVD | BROOKLYN NY | 11226 | 10/16/2007 | 8:10 AM | N&M | 10/13/2007 | 7:25 PM | 10/15/2007 | 2:30 PM |
| STEVENS | 2723 SNYDER AVE | BROOKLYN NY | 11226 | 10/16/2007 | 7:05 PM | N&M | 10/12/2007 | 7:10 AM | 10/15/2007 | 3:15 PM |
| STEVENS | 245 MARTENSE ST APT 1 | BROOKLYN NY | 11226 | 10/16/2007 | 7:30 PM | N&M | 10/12/2007 | 7:15 AM | 10/15/2007 | 3:20 PM |
| STEVENS | 130 E 18TH ST APT 4L-E | BROOKLYN NY | 11226 | 10/16/2007 | 7:15 PM | N&M | 10/12/2007 | 7:20 AM | 10/15/2007 | 3:25 PM |
| STEVENS | | | | 10/16/2007 | 7:30 PM | N&M | | | | |
| STEVENS | 71 KENILWORTH PL BSMT | BROOKLYN NY | 11210 | 10/16/2007 | 7:45 PM | N&M | 10/12/2007 | 7:35 AM | 10/15/2007 | 3:40 PM |
| STEVENS | 1738 BROOKLYN AVE APT | BROOKLYN NY | 11210 | 10/16/2007 | 7:55 PM | N&M | 10/12/2007 | 7:45 AM | 10/15/2007 | 3:50 PM |
| STEVENS | 3620 AVENUE L | BROOKLYN NY | 11210 | 10/16/2007 | 8:05 PM | N&M | 10/12/2007 | 7:55 AM | 10/15/2007 | 4:01 PM |
| STEVENS | 1406 BROOKLYN AVE APT | BROOKLYN NY | 11210 | 10/16/2007 | 8:15 PM | N&M | 10/12/2007 | 8:05 AM | 10/15/2007 | 4:15 PM |
| STEVENS | 694 E 40TH ST | BROOKLYN NY | 11210 | 10/16/2007 | 8:20 PM | N&M | 10/12/2007 | 8:10 AM | 10/15/2007 | 4:20 PM |
| STEVENS | | | | | | N&M | | | | |
| STEVENS | 12161 FLATLANDS AVE APT | BROOKLYN NY | 11207 | 10/17/2007 | 6:45 AM | N&M | 10/15/2007 | 6:20 PM | 10/16/2007 | 1:10 PM |
| STEVENS | 9805 FLATLANDS AVE 1 FL | BROOKLYN NY | 11236 | 10/17/2007 | 6:50 AM | N&M | 10/15/2007 | 6:25 PM | 10/16/2007 | 1:15 PM |
| STEVENS | 1501 E 95TH ST 1 | BROOKLYN NY | 11236 | 10/17/2007 | 6:55 AM | N&M | 10/15/2007 | 6:30 PM | 10/16/2007 | 1:20 PM |
| STEVENS | | | | | | N&M | | | | |
| STEVENS | 614 67TH ST APT 3R | BROOKLYN NY | 11220 | 10/17/2007 | 7:15 AM | N&M | 10/15/2007 | 6:50 PM | 10/16/2007 | 1:40 PM |
| STEVENS | 426 62ND ST | BROOKLYN NY | 11220 | 10/17/2007 | 7:20 AM | N&M | 10/15/2007 | 6:55 PM | 10/16/2007 | 1:45 PM |
| STEVENS | 933 60TH ST | BROOKLYN NY | 11230 | 10/17/2007 | 7:25 AM | N&M | 10/15/2007 | 7:01 PM | 10/16/2007 | 1:50 PM |
| STEVENS | 445 16TH ST FL 4 APT 4R | BROOKLYN NY | 11215 | 10/17/2007 | | N&M | 10/15/2007 | | 10/16/2007 | 2:10 PM |
| STEVENS | | | | | | N&M | | | | |
| STEVENS | 510 ATLANTIC AVE APT 626 | BROOKLYN NY | 11217 | 10/27/2007 | 7:50 AM | N&M | 10/15/2007 | 7:30 PM | 10/16/2007 | 2:25 PM |
| STEVENS | 403 E 96TH ST FL 2 APT 2R | BROOKLYN NY | 11212 | 10/15/2007 | 8:05 PM | N&M | 10/12/2007 | 1:15 PM | 10/13/2007 | 7:10 AM |
| STEVENS | 1155 WILLMOHR ST APT 2F | BROOKLYN NY | 11212 | 10/15/2007 | 8:10 PM | N&M | 10/12/2007 | 1:20 PM | 10/13/2007 | 7:15 AM |
| STEVENS | 326 E 98TH ST APT 6 | BROOKLYN NY | 11212 | 10/15/2007 | 8:15 PM | N&M | 10/12/2007 | 1:25 PM | 10/13/2007 | 7:20 AM |
| STEVENS | 477 SARATOGA AVE 3A | BROOKLYN NY | 11212 | 10/15/2007 | 8:20 PM | N&M | | | | |
| STEVENS | | | | | | Pers. | | | | |
| STEVENS | | | | | | Pers. | | | | |
| STEVENS | 315 SUTTER AVE APT 5C | BROOKLYN NY | 11212 | 10/15/2007 | 8:35 PM | N&M | 10/12/2007 | 1:30 PM | 10/13/2007 | 7:25 AM |
| STEVENS | 315 SUTTER AVE APT 3F | BROOKLYN NY | 11212 | 10/15/2007 | 8:40 PM | Pers. | | | | |
| STEVENS | 375 BLAKE AVE APT 2G | BROOKLYN NY | 11212 | 10/15/2007 | 8:45 PM | Pers. | 10/12/2007 | 1:35 PM | 10/13/2007 | 7:30 AM |
| STEVENS | 662 SCHENCK AVE | BROOKLYN NY | 11207 | 10/15/2007 | 9:01 PM | N&M | | | | |
| STEVENS | 699 GLENMORE AVE FL 1 | BROOKLYN NY | 11208 | 10/15/2007 | 9:05 PM | N&M | 10/12/2007 | 1:50 PM | 10/13/2007 | 7:45 AM |
| STEVENS | 1260 SUTTER AVE FL 2 APT | BROOKLYN NY | 11208 | 10/15/2007 | 9:10 PM | Sub. | 10/12/2007 | 1:55 PM | 10/13/2007 | 7:50 AM |
| STEVENS | 235 LINCOLN APT 3U | BROOKLYN NY | 11208 | 10/15/2007 | 9:15 PM | N&M | 10/12/2007 | 2:01 PM | 10/13/2007 | 7:55 AM |
| STEVENS | | | | | | N&M | | | 10/13/2007 | 8:07 AM |
| STEVENS | 101 WELDON ST APT B2 | BROOKLYN NY | 11208 | 10/15/2007 | 9:25 PM | N&M | 10/12/2007 | 2:10 PM | 10/13/2007 | 8:05 AM |
| STEVENS | 439 LINCOLN AVE APT 1R | BROOKLYN NY | 11208 | 10/15/2007 | 9:30 PM | N&M | 10/12/2007 | 2:15 PM | 10/13/2007 | 8:10 AM |
| STEVENS | | | | | | N&M | | | | |
| STEVENS | 20 LOGAN FLR 2 | BROOKLYN NY | 11208 | 10/15/2007 | 9:40 PM | N&M | 10/12/2007 | 2:25 PM | 10/13/2007 | 8:20 AM |
| STEVENS | 46 HALE AVE FL 2 | BROOKLYN NY | 11208 | 10/15/2007 | 9:45 PM | N&M | 10/12/2007 | 2:30 PM | 10/13/2007 | 8:25 AM |
| STEVENS | 2683 FULTON BSMT ST | BROOKLYN NY | 11207 | 10/15/2007 | 9:50 PM | N&M | 10/12/2007 | 2:35 PM | 10/13/2007 | 8:30 AM |

Exhibit B4 - Rivera Impossible Travel 12/15/2007

**Key:**
Claimed service on this day
Nonsensical ZIP Code backtracking

Claim to be in two places at once

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| RIVERA 1302 LINCOLN PL | BROOKLYN | NY | 11213 | 12/15/2007 | 8:23 AM | | | Sub. | | | |
| RIVERA 1059 SUTTER AVE APT 2 | BROOKLYN | NY | 11208 | 12/15/2007 | 9:19 AM | | | Sub. | | | |
| RIVERA 203 E 51ST ST | BROOKLYN | NY | 11203 | 12/17/2007 | 6:53 PM | | | N&M | 12/15/2007 | 11:00 AM |
| RIVERA 3097 PROSPECT PL APT 2C | BROOKLYN | NY | 11213 | 12/17/2007 | 6:00 AM | | | N&M | 12/15/2007 | 12:00 PM |
| RIVERA 160 WELDON ST UNIT A | BROOKLYN | NY | 11208 | 12/17/2007 | 6:26 AM | | | N&M | 12/15/2007 | 12:37 PM |
| RIVERA 606 JEROME ST FL 1 | BROOKLYN | NY | 11207 | 12/15/2007 | 12:51 PM | | | Sub. | | | |
| RIVERA 405 WILLIAMS AVE APT 3F | BROOKLYN | NY | 11207 | 12/15/2007 | 1:01 PM | | | Sub. | | | |
| RIVERA 60 TAPSCOTT ST | BROOKLYN | NY | 11212 | 12/15/2007 | 1:15 PM | | | Sub. | | | |
| RIVERA 80 POWELL ST FL 3 | BROOKLYN | NY | 11212 | 12/15/2007 | 1:25 PM | | | Sub. | | | |
| RIVERA 89 CHRISTOPHER AVE 9G | BROOKLYN | NY | 11212 | 12/15/2007 | 1:35 PM | | | Sub. | | | |
| RIVERA 358 BRISTOL ST APT A | BROOKLYN | NY | 11212 | 12/15/2007 | 1:45 PM | | | Sub. | | | |
| RIVERA 463 HERZL ST APT 1D | BROOKLYN | NY | 11212 | 12/15/2007 | 1:55 PM | | | Sub. | | | |
| RIVERA 440 WATKINS ST APT 3H | BROOKLYN | NY | 11212 | 12/15/2007 | 2:05 PM | | | Sub. | | | |
| RIVERA 308 SUTTER AVE APT 3C | BROOKLYN | NY | 11212 | 12/15/2007 | 2:15 PM | | | Sub. | | | |
| RIVERA 315 SUTTER AVE APT 21B | BROOKLYN | NY | 11212 | 12/15/2007 | 2:25 PM | | | Sub. | | | |
| RIVERA 364 HANCOCK ST 2 | BROOKLYN | NY | 11216 | 12/15/2007 | 2:40 PM | | | Sub. | | | |
| RIVERA | | | | 12/15/2007 | 2:40 PM | | | Sub. | | | |
| RIVERA | | | | 12/15/2007 | 2:40 PM | | | Sub. | | | |
| RIVERA | | | | 12/15/2007 | 2:40 PM | | | Sub. | | | |
| RIVERA 99 ROGERS AVE 2 | BROOKLYN | NY | 11216 | 12/15/2007 | 3:00 PM | 20' | | Sub. | | | |
| RIVERA | | | | | | | | Sub. | | | |
| RIVERA 737 E 45TH ST FL 2 | BROOKLYN | NY | 11203 | 12/17/2007 | 6:53 AM | 10' | | N&M | 12/15/2007 | 3:16 PM |
| RIVERA 285 E 35TH ST APT 5G | BROOKLYN | NY | 11203 | 12/17/2007 | 7:03 AM | 10' | | N&M | 12/15/2007 | 3:26 PM |
| RIVERA | | | | 12/15/2007 | 3:20 PM | | | Sub. | | | |
| RIVERA | | | | | | | | Sub. | | | |
| RIVERA | | | | | | | | Sub. | | | |
| RIVERA | | | | | | | | Sub. | | | |
| RIVERA | | | | | | | | Sub. | | | |
| RIVERA | | | | | | | | Sub. | | | |
| RIVERA | | | | | | | | Sub. | | | |
| RIVERA | | | | | | | | Sub. | | | |
| RIVERA 8407 17TH AVE 2F | BROOKLYN | NY | 11214 | 12/15/2007 | 5:04 PM | 16 | 10 | Sub. | | | |
| RIVERA 8415 24TH AVE | BROOKLYN | NY | 11214 | 12/15/2007 | 5:14 PM | 10 | 5 | Sub. | | | |
| RIVERA 2069 85TH ST APT 1E | BROOKLYN | NY | 11214 | 12/15/2007 | 5:24 PM | 10 | 4 | Sub. | | | |
| RIVERA | | | | | | | | Sub. | | | |
| RIVERA | | | | | | | | Sub. | | | |

Page 1 of 2

## Exhibit B4 - Rivera Impossible Travel 12/15/2007

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| RIVERA | 179 BAY 41ST ST 1 | BROOKLYN | NY | 11214 | 12/15/2007 | 5:54 PM | 10 | 1 | Sub. | |
| RIVERA | | | | | | | | | Sub. | |
| RIVERA | 743 EMPIRE BLVD APT C9 | BROOKLYN | NY | 11213 | 12/15/2007 | 6:39 PM | 30 | 18 | Sub. | |
| RIVERA | 2077 NOSTRAND AVE APT 2R | BROOKLYN | NY | 11210 | 12/15/2007 | 6:51 PM | 12 | 8 | Sub. | |
| RIVERA | | | | | | | | | Sub. | |
| RIVERA | | | | | | | | | Sub. | |
| RIVERA | | | | | | | | | Sub. | |
| RIVERA | | | | | | | | | Sub. | |
| RIVERA | 320 7TH AVE APT 179 | BROOKLYN | NY | 11225 | 12/15/2007 | 7:31 PM | 10 | 3 | Sub. | |
| RIVERA | 409 7TH AVE APT 2R | BROOKLYN | NY | 11215 | 12/15/2007 | 7:41 PM | 10 | 1 | Sub. | |
| RIVERA | 30 DEBEVOISE AVE APT 6F | BROOKLYN | NY | 11211 | 12/17/2007 | 7:35 AM | 17 | 16 | N&M | 12/15/2007 | 7:58 PM |
| RIVERA | 33 WILSON ST APT 2 | BROOKLYN | NY | 11211 | 12/17/2007 | 7:45 AM | 10 | 9 | N&M | 12/15/2007 | 8:08 PM |
| RIVERA | 51 ROOS ST 4F | BROOKLYN | NY | 11211 | 12/17/2007 | 7:55 AM | 10 | 4 | N&M | 12/15/2007 | 8:18 PM |
| RIVERA | | | | | | | | | Sub. | |
| RIVERA | 3418 FULTON STREET | BROOKLYN | NY | 11208 | 12/15/2007 | 8:39 PM | 10 | 6 | Sub. | |
| RIVERA | 445 ESSEX ST 2 | BROOKLYN | NY | 11208 | 12/15/2007 | 8:49 PM | 10 | 6 | Sub. | |
| RIVERA | 359 ELTON ST | BROOKLYN | NY | 11208 | 12/15/2007 | 8:59 PM | 10 | 1 | Sub. | |
| RIVERA | | | | | | | | | N&M | 12/13/2007 | 8:18 PM |
| RIVERA | | | | | | | | | Sub. | |

Case 1:16-cv-04737-WFK-VMS   Document 30-7   Filed 12/21/16   Page 20 of 27 PageID #: 375

# Exhibit B5 - Andino Impossible Travel 1/28/2008

**Key:**

Nonsensical ZIP Code backtracking

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ANDINO | 370 MORRIS AVE APT AE | BRONX | NY | 10451 | 1/28/2008 | 6:11 AM | | N&M |
| ANDINO | 271 E 143RD ST APT 13C | BRONX | NY | 10451 | 1/28/2008 | 6:16 AM | 5 | 1 N&M |
| ANDINO | 390 E 143RD ST APT 12C | BRONX | NY | 10451 | 1/28/2008 | | 4 | 1 N&M |
| ANDINO | | | | | 1/28/2008 | | | N&M |
| ANDINO | | | | | 1/28/2008 | | | N&M |
| ANDINO | | | | | | | | N&M |
| ANDINO | | | | | | | | N&M |
| ANDINO | | | | | 1/28/2008 | | | N&M |
| ANDINO | | | | | 1/28/2008 | | | N&M |
| ANDINO | | | | | 1/28/2008 | | | N&M |
| ANDINO | 214 E163 STREET APT3C | BRONX | NY | 10451 | 1/28/2008 | 6:44 AM | 5 | 2 N&M |
| ANDINO | | | | | | | | N&M |
| ANDINO | | | | | | | | N&M |
| ANDINO | | | | | | | | N&M |
| ANDINO | 566 SOUTHERN BLVD APT 44 | BRONX | NY | 10455 | 1/28/2008 | 7:01 AM | 5 | 3 N&M |
| ANDINO | | | | | | | | N&M |
| ANDINO | | | | | | | | N&M |
| ANDINO | | | | | | | | N&M |
| ANDINO | 920 CO OP CITY BLVD APT 18B | BRONX | NY | 10475 | 1/28/2008 | 7:14 AM | 5 | 2 N&M |
| ANDINO | 120 CASALS PL APT 32J | BRONX | NY | 10475 | 1/28/2008 | 7:19 AM | 5 | 1 N&M |
| ANDINO | | | | | | | | N&M |
| ANDINO | | | | | | | | N&M |
| ANDINO | | | | | | | | N&M |
| ANDINO | | | | | | | | N&M |
| ANDINO | | | | | | | | N&M |
| ANDINO | 1469 VYSE AVE APT 3B | BRONX | NY | 10460 | 1/28/2008 | 7:42 AM | 7 | 2 N&M |
| ANDINO | | | | | | | | N&M |
| ANDINO | | | | | | | | N&M |
| ANDINO | 1436 CROTONA PARK E APT 1A | BRONX | NY | 10460 | 1/28/2008 | 7:53 AM | 5 | 2 N&M |
| ANDINO | | | | | | | | N&M |
| ANDINO | | | | | | | | N&M |
| ANDINO | | | | | | | | N&M |
| ANDINO | | | | | | | | N&M |
| ANDINO | 3120 BUHRE AVE 3F | BRONX | NY | 10461 | 1/28/2008 | 8:19 AM | 9 | 8 N&M |

Page 1 of 3

Exhibit B5 - Andino Impossible Travel 1/28/2008

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ANDINO | | | | | | | N&M |
| ANDINO | | | | | | | N&M |
| ANDINO | | | | | | | N&M |
| ANDINO | | | | | | | N&M |
| ANDINO | | | | | | | N&M |
| ANDINO | | | | | | | N&M |
| ANDINO | | | 1/28/2008 | 5:09:24 | | | N&M |
| ANDINO | | | 1/28/2008 | 5:09:24 | | | N&M |
| ANDINO | | | 1/28/2008 | 4:54:50 | | | N&M |
| ANDINO | | | 1/28/2008 | 4:53 AM | | | N&M |
| ANDINO | | | 1/28/2008 | 4:53 AM | | | N&M |
| ANDINO | | | | | | | N&M |
| ANDINO | | | | | | | N&M |
| ANDINO | | | 1/28/2008 | 9:16:500 | | | N&M |
| ANDINO | | | 1/28/2008 | 9:15:500 | | | N&M |
| ANDINO | 555 EAST 178TH ST APT 1 C | BRONX | NY | 10457 | 1/28/2008 | 9:29 AM | 5 | 2 N&M |
| ANDINO | | | | | | | N&M |
| ANDINO | | | | | | | N&M |
| ANDINO | 630 PUGSLEY AVE APT 7F | BRONX | NY | 10473 | 1/28/2008 | 9:47 AM | 6 | 4 N&M |
| ANDINO | | | 1/28/2008 | 9:48 AM | | | N&M |
| ANDINO | | | | | | | N&M |
| ANDINO | | | | | | | N&M |
| ANDINO | | | | | | | N&M |
| ANDINO | | | | | | | N&M |
| ANDINO | 4030 E TREMONT APT 2F | BRONX | NY | 10465 | 1/28/2008 | 10:10 AM | 5 | 2 N&M |
| ANDINO | | | 1/28/2008 | 10:10 AM | | | N&M |
| ANDINO | 365 FORD ST APT 2CP | BRONX | NY | 10457 | 1/28/2008 | 10:16 AM | 6 | 2 N&M |
| ANDINO | | | | | | | N&M |
| ANDINO | 2383 WASHINGTON AVE BSMT APT | BRONX | NY | 10455 | 1/28/2008 | 10:32 AM | 7 | 4 N&M |
| ANDINO | | | | | | | N&M |
| ANDINO | | | | | | | N&M |
| ANDINO | | | | | | | N&M |
| ANDINO | | | | | | | N&M |
| ANDINO | | | | | | | N&M |
| ANDINO | 520 E 137TH ST APT 6A | BRONX | NY | 10454 | 1/28/2008 | 10:58 AM | 6 | 3 N&M |
| ANDINO | | | | | | | N&M |

Page 2 of 3

## Exhibit B5 - Andino Impossible Travel 1/28/2008

| | | | | | |
|---|---|---|---|---|---|
| ANDINO | | | | | N&M |
| ANDINO | | | | | N&M |
| ANDINO | | | | | N&M |
| ANDINO | | | | | N&M |
| ANDINO | | | | | N&M |
| ANDINO | | | | | N&M |
| ANDINO | | | | | N&M |
| ANDINO | | | | | N&M |
| ANDINO | 226 E 203RD ST APT 6E | BRONX | NY | 10453 | 1/28/2008 11:34 AM | 5 | 4 N&M |
| ANDINO | | | | | 1/28/2008 11:37 AM | | N&M |
| ANDINO | 512 E 145TH ST APT 3G | BRONX | NY | 10454 | 1/28/2008 11:37 AM | 0 | 0 N&M |
| ANDINO | | | | | | | N&M |
| ANDINO | 116 E MOSHOLU PKWY S FL 3 APT | BRONX | NY | 10458 | 1/28/2008 11:47 AM | 9 | 4 N&M |

Page 3 of 3

Exhibit B6 - Abdelrahman Impossible Travel 10/6/2008

**Key:**
- Claimed service on this day
- Nonsensical ZIP Code backtracking
- Claim to be in two places at once

| Name | Address | ZIP | City/State | Date | Time | Type | Date | Time | Date | Time |
|---|---|---|---|---|---|---|---|---|---|---|
| ABDELRAHMAN | 662 53RD ST APT 1 | 11220 | BROOKLYN NY | 10/8/2008 | 8:21 AM | N&M | 10/6/2008 | 6:09 AM | 10/7/2008 | 8:56 PM |
| ABDELRAHMAN | 1551 E 66TH ST | 11234 | BROOKLYN NY | 10/6/2008 | 6:43 AM | N&M | 10/3/2008 | 1:22 PM | 10/4/2008 | 7:08 PM |
| ABDELRAHMAN | 1812 E 53RD ST | 11234 | BROOKLYN NY | 10/6/2008 | 7:02 AM | N&M | 10/3/2008 | 1:38 PM | 10/4/2008 | 7:27 PM |
| ABDELRAHMAN | 2752 E 28TH ST | 11235 | BROOKLYN NY | 10/6/2008 | 7:23 AM | N&M | 10/3/2008 | 2:03 PM | 10/4/2008 | 7:40 PM |
| ABDELRAHMAN | 2302 W 12TH ST APT 3 | 11223 | BROOKLYN NY | 10/6/2008 | 7:40 AM | N&M | 10/3/2008 | 2:20 PM | 10/4/2008 | 7:55 PM |
| ABDELRAHMAN | 2820 W 8TH ST APT 9G | 11224 | BROOKLYN NY | 10/6/2008 | 7:57 AM | N&M | 10/3/2008 | 3:10 PM | 10/4/2008 | 8:17 PM |
| ABDELRAHMAN | 2531 AVENUE X | 11235 | BROOKLYN NY | 10/6/2008 | 8:22 AM | N&M | 10/3/2008 | 3:20 PM | 10/4/2008 | 8:30 PM |
| ABDELRAHMAN | 2430 HARING ST APT 5G | 11235 | BROOKLYN NY | 10/6/2008 | 8:39 AM | N&M | 10/3/2008 | 3:34 PM | 10/4/2008 | 8:47 PM |
| ABDELRAHMAN | | | | | | N&M | 10/3/2008 | 6:50 AM | 10/4/2008 | 9:02 PM |
| ABDELRAHMAN | 1322 52ND ST | 11219 | BROOKLYN NY | 10/6/2008 | 9:20 AM | N&M | 10/3/2008 | 6:22 AM | 10/4/2008 | 9:26 PM |
| ABDELRAHMAN | 4815 15TH AVE APT 6F | 11219 | BROOKLYN NY | 10/6/2008 | 9:39 AM | N&M | 10/3/2008 | 6:38 AM | 10/4/2008 | 9:49 PM |
| ABDELRAHMAN | 240 CROWN ST APT 4G | 11225 | BROOKLYN NY | 10/6/2008 | 10:25 AM | Sub. | 10/3/2008 | 6:56 AM | 10/4/2008 | 10:08 PM |
| ABDELRAHMAN | 60 TURNER PL APT 1N | 11218 | BROOKLYN NY | 10/6/2008 | 10:37 AM | Sub. | | | | |
| ABDELRAHMAN | | | | | | Sub. | | | | |
| ABDELRAHMAN | 60 TURNER PL APT 3D | 11218 | BROOKLYN NY | 10/6/2008 | 10:51 AM | Sub. | | | | |
| ABDELRAHMAN | 2110 WESTBURY CT APT 3R | 11225 | BROOKLYN NY | 10/6/2008 | 10:57 AM | Sub. | | | | |
| ABDELRAHMAN | 612 OCEAN AVE APT 2K | 11226 | BROOKLYN NY | 10/5/2008 | 11:13 AM | Sub. | | | | |
| ABDELRAHMAN | | | | | | Sub. | | | | |
| ABDELRAHMAN | | | | | | Sub. | | | | |
| ABDELRAHMAN | 92 WOODRUFF AVE APT 2D | 11226 | BROOKLYN NY | 10/6/2008 | 11:43 AM | Sub. | | | | |
| ABDELRAHMAN | 1567 NOSTRAND AVE APT 5E | 11226 | BROOKLYN NY | 10/6/2008 | 11:57 AM | Sub. | | | | |
| ABDELRAHMAN | 180 LENOX RD APT 3E | 11226 | BROOKLYN NY | 10/6/2008 | 12:17 PM | Sub. | | | | |
| ABDELRAHMAN | 222 LENOX RD APT 4AA | 11226 | BROOKLYN NY | 10/6/2008 | 12:30 PM | Sub. | | | | |
| ABDELRAHMAN | 30 LINDEN BLVD APT 85 | 11226 | BROOKLYN NY | 10/6/2008 | 12:48 PM | Sub. | | | | |
| ABDELRAHMAN | 50 LINDEN BLVD APT 15 | 11226 | BROOKLYN NY | 10/5/2008 | 12:59 PM | Sub. | | | | |
| ABDELRAHMAN | 448 E 22ND ST APT 4B | 11226 | BROOKLYN NY | 10/6/2008 | 3:30 PM | Pers. | | | | |
| ABDELRAHMAN | 205 E 17TH ST APT 201 | 11226 | BROOKLYN NY | 10/6/2008 | 3:57 PM | Pers. | | | | |
| ABDELRAHMAN | | | | 10/8/2008 | 6:17 AM | 13 | Pers. | | | | |
| ABDELRAHMAN | 2945 W 23RD ST APT 9R | 11224 | BROOKLYN NY | 10/8/2008 | 6:36 AM | | N&M 2 | 10/6/2008 | 2:16 PM | 10/7/2008 | 7:12 PM / 7:25 PM |
| ABDELRAHMAN | | | | | | | N&M | | | | |
| ABDELRAHMAN | 3606 BAYVIEW AVE | 11224 | BROOKLYN NY | 10/8/2008 | 6:43 AM | | N&M 4 | 10/6/2008 | 2:36 PM | 10/7/2008 | 7:39 PM |
| ABDELRAHMAN | | 11224 | | 10/8/2008 | 7:02 AM | 13 | N&M 4 | | | 10/7/2008 | 7:43 PM |
| ABDELRAHMAN | 224 E 88TH ST | 11236 | BROOKLYN NY | 10/6/2008 | 2:53 PM | 16 | Sub. 4 | | | | |
| ABDELRAHMAN | 1465 E 88TH ST FL 3 | 11236 | BROOKLYN NY | 10/6/2008 | 3:07 PM | 14 | Sub. 6 | | | | |
| ABDELRAHMAN | 856 E 95TH ST | 11236 | BROOKLYN NY | 10/8/2008 | 7:23 AM | 13 | Pers. 6 | 10/6/2008 | 3:20 PM | 10/7/2008 | 7:56 PM |

## Exhibit B6 - Abdelrahman Impossible Travel 10/6/2008

| Name / Address | City/State | Zip | Date | Time | # | # | Type | Date | Time | Date | Time |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ABDELRAHMAN 1439 E 93RD ST | BROOKLYN NY | 11236 | 10/6/2008 | 3:45 PM | 25 | 17 | Pers. | | | | |
| ABDELRAHMAN | | | 10/6/2008 | 7:43 AM | | | N&M | | | 10/7/2008 | 8:19 PM |
| ABDELRAHMAN | | | | | | | Sub. | | | | |
| ABDELRAHMAN 9205 AVE A | BROOKLYN NY | 11236 | 10/5/2008 | 4:09 PM | 12 | 7 | Sub. | | | | |
| ABDELRAHMAN | | | 10/8/2008 | 8:00 AM | | | N&M | | | 10/7/2008 | 8:39 PM |
| ABDELRAHMAN 305 LINDEN BLVD APT 26E | BROOKLYN NY | 11226 | 10/7/2008 | 6:40 AM | | | N&M | 10/4/2008 | 1:15 PM | 10/6/2008 | 7:08 PM |
| ABDELRAHMAN 1806 CATON AVE APT C1 | BROOKLYN NY | 11226 | 10/7/2008 | 6:56 AM | | | N&M | 10/4/2008 | 1:45 PM | 10/6/2008 | 7:22 PM |
| ABDELRAHMAN 1701 ALBEMARLE RD APT F12 | BROOKLYN NY | 11226 | 10/7/2008 | 7:19 AM | | | N&M | 10/4/2008 | 2:10 PM | 10/6/2008 | 7:40 PM |
| ABDELRAHMAN | | | 10/7/2008 | 7:36 AM | | | N&M | 10/4/2008 | 2:45 PM | | |
| ABDELRAHMAN 1423 E 103RD ST | BROOKLYN NY | 11236 | 10/7/2008 | 7:52 AM | | | N&M | 10/4/2008 | 3:32 PM | 10/6/2008 | 8:09 PM |
| ABDELRAHMAN 1271 E 83RD ST | BROOKLYN NY | 11236 | 10/7/2008 | 8:14 AM | | | N&M | 10/4/2008 | 4:20 PM | 10/6/2008 | 8:27 PM |
| ABDELRAHMAN 1434 E 102ND ST | BROOKLYN NY | 11236 | | | | | N&M | | | | |
| ABDELRAHMAN | | | | | | | N&M | | | | |
| ABDELRAHMAN 555 MCDONALD AVE APT 4 | BROOKLYN NY | 11218 | 10/6/2008 | 9:12 PM | | | Sub. | | | | |
| ABDELRAHMAN 574 E 4TH ST B5MT | BROOKLYN NY | 11218 | 10/6/2008 | 9:25 PM | | | Sub. | | | | |
| ABDELRAHMAN 780 E 2ND ST APT C | BROOKLYN NY | 11218 | 10/6/2008 | 9:38 PM | | | Sub. | | | | |
| ABDELRAHMAN 415 AVENUE M | BROOKLYN NY | 11230 | 10/6/2008 | 10:09 PM | | | Sub. | | | | |
| ABDELRAHMAN 4812 AVENUE M | BROOKLYN NY | 11234 | 10/6/2008 | 10:27 PM | | | Sub. | | | | |

Case 1:16-cv-04737-WFK-VMS   Document 30-7   Filed 12/21/16   Page 25 of 27 PageID #: 380

## Exhibit C – High Volume of Visits per Day by Top Six Servers

Number and percentage of days with high volumes of visits, per server

| # visits/day | # days | % of total days | # days | % of total days | # days | % of total days |
|---|---|---|---|---|---|---|
| 30+ | 303 | 39.10% | 208 | 27.15% | 172 | 56.39% |
| 40+ | 206 | 26.58% | 110 | 14.36% | 115 | 37.70% |
| 50+ | 138 | 17.81% | 52 | 6.79% | 71 | 23.28% |
| 60+ | 75 | 9.68% | 23 | 3.00% | 42 | 13.77% |
| 70+ | 26 | 3.35% | 13 | 1.70% | 21 | 6.89% |
| 80+ | 11 | 1.42% | 3 | 0.39% | 7 | 2.30% |
| 90+ | 1 | 0.13% | 2 | 0.26% | 1 | 0.33% |
| 100+ | 0 | 0.00% | 2 | 0.26% | 0 | 0.00% |

| # visits/day | # days | % of total days | # days | % of total days | # days | % of total days |
|---|---|---|---|---|---|---|
| 30+ | 354 | 52.29% | 238 | 63.81% | 261 | 45.55% |
| 40+ | 250 | 36.93% | 184 | 49.33% | 163 | 28.45% |
| 50+ | 161 | 23.78% | 106 | 28.42% | 62 | 10.82% |
| 60+ | 97 | 14.33% | 66 | 17.69% | 14 | 2.44% |
| 70+ | 55 | 8.12% | 42 | 11.26% | 2 | 0.35% |
| 80+ | 24 | 3.55% | 23 | 6.17% | 0 | 0.00% |
| 90+ | 8 | 1.18% | 9 | 2.41% | 0 | 0.00% |
| 100+ | 2 | 0.30% | 5 | 1.34% | 0 | 0.00% |

AA-184

Exhibit D - Service Methods in NYC Civil by Top Six Servers for Claimed Services

Service method breakdown by type for NYC Civil, Top 6 servers



**Michael Mosquera**

| | Number | Percentage |
|---|---|---|
| Personal | 192 | 1.03% |
| Nail & mail | 1399 | 7.53% |
| Substitute | 16362 | 88.07% |
| Other: unsuccessful | 626 | 3.37% |
| | 18579 | 100.00% |

**Benjamin Lamb**

| | Number | Percentage |
|---|---|---|
| Personal | 879 | 5.31% |
| Nail & mail | 5 | 0.03% |
| Substitute | 15085 | 91.21% |
| Other: unsuccessful | 570 | 3.45% |
| | 16539 | 100.00% |

**James Stevens**

| | Number | Percentage |
|---|---|---|
| Personal | 269 | 6.44% |
| Nail & mail | 3233 | 77.46% |
| Substitute | 570 | 13.66% |
| Other: unsuccessful | 102 | 2.44% |
| | 4174 | 100.00% |

Case 1:16-cv-04737-WFK-VMS   Document 30-7   Filed 12/21/16   Page 27 of 27 PageID #: 382

Exhibit D - Service Methods In NYC Civil by Top Six Servers for Claimed Services



### Angelo Rivera

| | Number | Percentage |
|---|---|---|
| Personal | 6 | 0.03% |
| Nail & mail | 2233 | 12.07% |
| Substitute | 15788 | 85.35% |
| Other: unsuccessful | 472 | 2.55% |
| | 18499 | 100.00% |

### John Andino

| | Number | Percentage |
|---|---|---|
| I: personal | 311 | 5.40% |
| A: nail & mail | 4601 | 79.92% |
| S: substitute | 748 | 12.99% |
| Other: unsuccessful | 97 | 1.68% |
| | 5757 | 100.00% |

### Assmat Abdelrahman

| | Number | Percentage |
|---|---|---|
| Personal | 685 | 6.27% |
| Nail & mail | 2741 | 25.11% |
| Substitute | 6672 | 61.11% |
| Other: unsuccessful | 820 | 7.51% |
| | 10918 | 100.00% |

Page 2 of 2

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

JOSE GUZMAN

                                                        **Case No.: 1:16-cv-03499-GBD**

                      **Plaintiff,**

      **-against-**

**MEL S. HARRIS AND ASSOCIATES, LLC**
**LR CREDIT 13, LLC**
**MEL S. HARRIS**
**DAVID WALDMAN**
**KERRY H. LUTZ**
**TODD FABACHER**
**MICHAEL YOUNG**
**SAMSERV, INC**
**JOHN ANDINO**
**WILLIAM MLOTOK**

                      **Defendants.**

----------------------------------------------------------------X

**PLAINTIFF'S FIRST SET OF DISCOVERY DEMANDS TO ALL DEFENDANTS**

      Plaintiff serves the above referenced discovery instrument to the above referenced parties by and through said party's counsel as indicated in the certificate of service below.

                                Respectfully submitted,

                                /s/
                                Ahmad Keshavarz
                                THE LAW OFFICES OF AHMAD KESHAVARZ
                                16 Court St., 26th Floor
                                Brooklyn, NY 11241-1026
                                Phone: (718) 522-7900
                                Fax:    (877) 496-7809 (toll-free)
                                Email: ahmad@NewYorkConsumerAttorney.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I served the above referenced document to the parties listed below via email to:

              Defendants
              MEL S. HARRIS AND ASSOCIATES, LLC
              MEL S. HARRIS
              DAVID WALDMAN

TODD FABACHER
MICHAEL YOUNG
by and through their attorneys of record
Brett A. Scher, Esq.
Amanda R. Griner, Esq.
Kaufman Dolowich & Voluck LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797
Phone: (718) 940-6311
Email:  bscher@kdvlaw.com
Email:  agriner@kdvlaw.com

SAMSERV, INC
WILLIAM MLOTOK
by and through their attorneys of record
Jeffrey S. Lichtman
O'Hare Parnagian LLP
82 Wall Street, Suite 300
New York,  NY 10005-3683
Phone: 212-425-1401
Fax: 212-425-1421 (fax)
Email: jlichtman@ohareparnagian.com
Email: alevitt@ohareparnagian.com

LR CREDIT 13, LLC
Scott S. Balber
David W. Leimbach, Esq.
Herbert Smith Freehills New York LLP
450 Lexington Avenue, 14th Floor
New York, NY 10017
Email: Scott.Balber@hsf.com
Email: David.Leimbach@hsf.com


Date:  <u>August 1, 2016</u>
     Brooklyn, NY
/s/
Ahmad Keshavarz
Plaintiff's Attorney

## INTERROGATORIES

1. Identify[1] all persons who you believe have knowledge of relevant facts, identify the issues upon which you believe they have knowledge, and provide a brief summary of their knowledge. This includes the full legal name for the entity(ies) you used to verify the debt which the Plaintiff was alleged to have owed and for the entity(ies) you used to attempt to collect the debt which the Plaintiff was alleged to have owed.

2. "Identify" the name and address of every witness you expect to call at the trial of this case, and summarize the testimony you expect each such witness to give. State the names, addresses, and telephone numbers of persons having knowledge of relevant facts, and give a statement of each identified person's connection with the case and what relevant facts you contend they have.

3. State the names and addresses of all persons who participated in responding to these discovery requests or who provided any information for the responses to these discovery requests.  Please supplement your answer for any future discovery request.

4. For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance.  Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

5. Identify the existence, custodian, location and general description of relevant documents in this action.

6. If you dispute that you are a debt collector governed by the FDCPA in this action, what is the basis for your assertion?

---

1 Identify all persons who you believe have knowledge of relevant facts, identify the issues upon which you believe they have knowledge, and provide a brief summary of their knowledge. This includes the full legal name for the entity(ies) you used to verify the debt which the Plaintiff was alleged to have owed and for the entity(ies) you used to attempt to collect the debt which the Plaintiff was alleged to have owed.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce the all of the following documents "in your possession, custody, or control:"

1. The documents filed in *Sykes* that were sealed. This includes, without limitation, sealed documents filed relating to the motion for class certification and the appeal from the order granting class certification.

2. Unredacted copies of pleadings in *Sykes* that were filed in a redacted form. This includes, without limitation, pleadings related to class certification and appeal from the order granting class certification.

3. All depositions in *Sykes*, except for the depositions of the plaintiffs in that case, if any. If in electronic format, please produce in the electronic format.

4. All documents within your possession, custody, or control regarding the Plaintiff, Mr. Guzman, and the putative debt sought to be collected from him.

5. All contracts or other documents describing the relationship between and among the Defendants in Sykes, including Lucedia.

6. All recordings of telephone calls with Mr. Guzman or related to the attempts to collect the putative debt from Mr. Guzman.

7. All documents, if any, upon which you base your affirmative defense(s).

8. The Microsoft Access database entitled "Process Service Management System" referenced in the Egleson Declaration attached to the complaint in this action. Please produce in the electronic form.

9. The "the full and complete record in the Sykes Litigation" referenced by LR Credit 13 in paragraph 37 of its' Answer, other than publicly available documents on PACER.

10. Any discovery answers or documents produced by any defendant in *Sykes*, including access to any electronic information made available in discovery.

11. If you contend you performed a meaningful attorney review prior to filing any pleading in the collection lawsuit or in the post judgment discovery or executions, produce devices in connection with the collection of the judgment in the collection case.

12. Documents sufficient to demonstrate the members of LR Credit 13, LLC.

13. Documents reflecting the principal person(s) to who derive payments, proceeds , or other income from LR Credit 13, LLC.

14. Any insurance policies and declaration sheets that may cover the claims brought by way of this suit, regardless of whether you have forwarded this claim to your insurance carrier. This includes any insurance policy and declaration at the process serving company Mlotok's currently does work for. This also includes any insurance policy and declaration sheet at Einstein & Associates as it relates to Mr. Young.

15. Any letters from the insurance companies who may provide coverage for claims in this suit as to whether and to what extent defense is being provided with a reservation of rights. This includes and communications with any insurance broker.

4

16. All documents you reference in your initial disclosures.

17. If you dispute that you are a debt collector governed by the FDCPA in this action, please produce all documents upon which you base your assertion.

18. Any demands for indemnification or contribution in this case.

19. If any of the documents you produce use abbreviations or codes, please provide a copy of a manual or other such document that reflects the meaning of said abbreviations or codes.

20. Every document that you intend to use or introduce into evidence at the trial of this case.

21. Documents regarding the formation of the LLCs in this action and continued maintenance of the LLC structure.

## REQUESTS FOR ADMISSION

1. You are a debt collector as defined in the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq.

2. The putative debt sought to be collected from Plaintiff was an alleged obligation incurred primarily for family, personal, or household purposes.

3. You regularly collect consumer debts alleged to be due to another.

4. Todd Fabacher regularly executed affidavits of merit in connection with the debt collection activity of Mel S. Harris & Associates.

5. Todd Fabacher regularly executed affidavits of merit in connection with the debt collection activity of LR Credit.

## DEFINITIONS AND INSTRUCTIONS

### A.  INSTRUCTIONS FOR REQUESTS FOR PRODUCTION OF DOCUMENTS.

 THE REQUESTING Plaintiff serves this request for production on the above referenced party, as authorized by Federal Rule of Civil Procedure 34.  As required by Rule 34(b), Defendant must produce all requested documents for inspection and copying either as they are kept in the ordinary course of business or segregated according to each request.  The documents must be produced within 30 days, at The Law Office of Ahmad Keshavarz, 16 Court St., Suite 2600, Brooklyn, NY 11241-1026.

Answer each request for documents separately by listing the documents and by describing them as defined below. If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the document and the document's number.

For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

**For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance.  Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.**

### B.  INSTRUCTIONS FOR INTERROGATORY REQUESTS.

Plaintiff serves these interrogatories on Defendant as authorized by Federal Rule of Civil Procedure 33.  Defendant must serve an answer to each interrogatory separately and fully, in writing and under oath, within 30 days.

For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance.  Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

### C.  INSTRUCTIONS FOR REQUESTS FOR ADMISSION

Plaintiff serves these requests for admissions upon Defendant as authorized by Federal Rule of Civil Procedure 36. Defendant must serve an answer to each request separately and fully, in writing and under oath, within 14 days after service as per the May 18, 2015 agreement of the parties read into the record.

**D.   DEFINITIONS.**

Plaintiff incorporates by reference the uniform discovery definitions of Local Rule 26.3.

The following definitions shall have the following meanings, unless the context requires otherwise:

1. "Sykes" means the case Sykes v. Mel Harris & Associates, LLC et al, 1:09-cv-08486-DC, SD NY.
2. Plaintiff of Mr. Guzman, means the Plaintiff in this federal lawsuit, Jose Guzman.
3. Defendant(s) means the Defendant in this federal lawsuit.
4. The "collections lawsuit" or the "underlying action" means the state court lawsuit that forms the basis of this federal action.
5. "THE REQUESTING Plaintiff" or "the requesting party" means the Plaintiff propounding this discovery request as indicated in the title of the discovery request, unless otherwise noted.
6. "THE ALLEGED CREDITOR" means the creditor to whom the alleged debt was owed in the underlying action.
7. "THE ALLEGED DEBT" or "PUTATIVE DEBT" means the debt sought to be collected by way of the underlying action, as well as the judgment that resulted from the collection lawsuit.
8. "THE ALLEGED ACCOUNT" means the account for which you were attempting to verify the debt in the underlying action, from the original creditor to today.
9. "THE ALLEGED ASSIGNEES" means the persons or entities you assert were at some time assigned the alleged debt.
10. Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).
11. Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.
12. Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.
13. Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (I) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).
14. Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.
15. Person. The term "person" is defined as any natural person or any business, legal, or

8

governmental entity or association.

16. Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

17. All/Each. The terms "all" and "each" shall be construed as all and each.

18. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

19. Number. The use of the singular form of any word includes the plural and vice versa.

20. "THE REQUESTING Plaintiff" or "the requesting party" means the Plaintiff propounding this discovery request as indicated in the title of the discovery request, unless otherwise noted.

21. "Plaintiff" means the Plaintiff listed in this cause.

22. "YOU" or "your" means the party to whom this discovery request is directed, its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of the responding party or its successors, predecessors, divisions, and subsidiaries.

23. The term "Plaintiff" means the Plaintiff listed in the style of this cause, as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and where applicable, its agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with it or under its control, whether directly or indirectly, including any attorney.

24. "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession of the item.

25. "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

26. "Relating to" and "relates to" means, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the request.

27. "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

# PRIVILEGE LOGS

Please produce a privilege log if you are asserting any attorney client privilege, workproduct privilege, or assertion of confidentiality.

Please take note of Local Rule 26.2(a) and (b) which states:
.

Local Civil Rule 26.2. Assertion of Claim of Privilege

(a) Where a claim of privilege is asserted in objecting to any means of discovery or disclosure, including but not limited to a deposition, and an answer is not provided on the basis of such assertion,

> (1) The attorney asserting the privilege shall identify the nature of the privilege(including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

> (2) The following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

>> (A) For documents: (I) the type of document, e.g., letter or memorandum;

>> (ii) the general subject matter of the document; (iii) the date of the document; and(iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

>> (B) For oral communications: (I) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

(b) Where a claim of privilege is asserted during a deposition, and information is not provided on the basis of such assertion, the information set forth in paragraph (a) above shall be furnished (1) at the deposition, to the extent it is readily available from the witness being deposed or otherwise, and (2) to the extent the information is not readily available at the deposition, in writing within fourteen (14) days after the deposition session at which the privilege is asserted, unless otherwise ordered by the court.

(c) Where a claim of privilege is asserted in response to discovery or disclosure other than a deposition, and information is not provided on the basis of such assertion, the information set forth in paragraph (a) above shall be furnished in writing at the time of the response to such discovery or disclosure, unless otherwise ordered by the court.

# EXHIBIT C

**EMERY CELLI BRINCKERHOFF & ABADY LLP**
Attorneys at Law
600 Fifth Avenue at Rockefeller Center
10th Floor
New York, New York 10020
Tel: (212) 763-5000
Fax: (212) 763-5001


DATE: February 14, 2017


FROM:              Debra L. Greenberger, Esq.

TO:                Magistrate Judge Vera M. Scanlon
                   Ahmad Keshavarz, Esq.
                   Scott S. Balber, Esq.
                   Jeffrey Lichtman, Esq. and Andrew Charles Levitt, Esq.

FACSIMILE #:   (718) 613-2305
               (877) 496-7809
               (917) 542-7601
               (212) 425-1421

RE:            *Bueno v. Mel S. Harris & Assoc., LLC, et al.*, 16-cv-04737(WFK)(VMS)

TOTAL NUMBER OF PAGES INCLUDING COVER SHEET:       3

MESSAGE:

Your Honor,

See attached. Thank you.


The pages accompanying this facsimile transmission contain information from the law firm of Emery Celli Brinckerhoff & Abady LLP which is confidential or privileged. The information is intended to be for the use of the individual or entity named on this cover letter. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this facsimile in error please notify us by telephone immediately so that we can arrange for the retrieval of the original documents at no cost to you.
----------------------------------------------------------------------------------------------------
**IF THERE IS ANY PROBLEM WITH THIS TRANSMISSION,
PLEASE CALL AS SOON AS POSSIBLE
(212) 763-5000**
----------------------------------------------------------------------------------------------------

## EMERY CELLI BRINCKERHOFF & ABADY LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO
ALISON FRICK
DAVID LEBOWITZ
HAYLEY HOROWITZ
DOUGLAS E. LIEB
ALANNA SMALL
JESSICA CLARKE

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TELEPHONE
(212) 763-5000
FACSIMILE
(212) 763-5001
WEB ADDRESS
www.ecbalaw.com

CHARLES J. OGLETREE, JR.
DIANE L. HOUK

February 14, 2017

*Via Facsimile (718) 613-2305*

Magistrate Judge Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East, 505 North
Brooklyn, New York 11201

            *Re:*    *Bueno v. Mel S. Harris & Assoc., LLC, et al.,* 16-cv-04737(WFK)(VMS)

Dear Judge Scanlon:

        We write as class counsel in *Sykes v. Mel S. Harris*, LLC, et al., 09-cv-08486-DC (S.D.N.Y.) ("Sykes") and the recipients of Plaintiff's January 13, 2017 subpoena (the "Subpoena"), pursuant to this Court's February 7, 2017 Order.

        Upon receipt of the Subpoena, we reviewed our files to locate responsive documents. We located approximately 34 electronic files responsive to the Subpoena. We then shared those 34 files electronically with defense counsel for Mel Harris, Leucadia/LR Credit, and Samserv (but not Bueno's counsel) to allow them to determine whether to seek to quash the Subpoena.

        As counsel in a separate matter, we do not believe it is our place to support or oppose the motions to quash. We note only a few points. First, as the Subpoena's recipient we believed its requests were reasonable, and did not impose an undue burden or expense on our firm. (Bueno's counsel did agree to modify the Subpoena's requests for documents reflecting the income and profit, to allow us to produce only the most recent such spreadsheet.). Second, all burden and expense has already been incurred. It is no additional burden to forward to Bueno's counsel the documents provided already to defense counsel.

        Finally, we adamantly disagree with the claim that we are in violation of the court order in the *Sykes* litigation. Destruction is not required because the *Sykes* litigation has not

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 2

terminated.[1] If defense counsel believed that the protective order required destruction of
confidential documents within 30 days of May 24, 2016, they should have destroyed the
confidential documents the *Sykes* Plaintiffs produced to them, produced an affidavit to that effect
(as the *Sykes* order requires), and queried us months ago as to why we had not done the same.
None of that happened. If the parties in *Sykes* cannot resolve this dispute, Judge Chin will
ultimately rule on the meaning of his order.

            We appreciate the Court's invitation to have our views heard. Should the Court
have any further questions, we will make ourselves available to attend next week's conference.
In the absence of any further request from the Court, however, we do not plan to appear.

                                                Respectfully submitted,

                                                Debbie Greenberger

C.      Counsel of record in *Bueno v. Mel S. Harris & Assoc., via facsimile*

---

[1] The *Sykes* litigation has not terminated, as the term is used in the protective order, because only the first
distribution of money to class members has occurred, one or more subsequent distributions will follow once all
outstanding checks have become stale, and a *cy pres* distribution may still prove necessary depending on the results
of subsequent distribution(s).

# EXHIBIT D



Hon. Ronald L. Ellis
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Herbert Smith Freehills New York LLP
450 Lexington Avenue, 14th floor
New York, NY 10017
USA
T +1 917 542 7600
F +1 917 542 7601
D +1 917 542 7810
E scott.balber@hsf.com
www.herbertsmithfreehills.com

Our ref
30991826
Your ref

Date
January 30 2017

By ECF

**Re:**   ***Guzman v. Mel S. Harris and Associates, LLC***
**Case No. 1:16-cv-03499-GBD-RLE**
**Defendant LR Credit 13, LLC's Request for Pre-Motion Discovery Conference**

Dear Judge Ellis:

This firm represents Defendant LR Credit 13, LLC ("LRC") in the above-captioned action.  In accordance with Local Civil Rule 37.2, LRC writes to request a pre-motion discovery conference.  In particular, LRC seeks an order compelling Plaintiff Jose Guzman ("Plaintiff") to produce certain documents responsive to LRC's document requests within one week of the Court's ruling on these issues.

**Summary of Case**

Plaintiff is an individual who opted out of the recovery conferred by the settlement of the class action entitled *Sykes v. Mel S. Harris, LLC, et al.*, 1:09-cv-08486-DC (S.D.N.Y.).  Plaintiff asserts claims against LRC under the Fair Debt Collection Practices Act and New York General Business Law § 349.  In particular, Plaintiff alleges that he experienced garden-variety emotional distress after learning, in or around July 2015, of a default judgment against him.  Plaintiff alleges that the default judgment—which was vacated upon stipulation of the parties a few months later in October 2015—was obtained through improper service.

**Summary of Discovery Dispute**

LRC served Plaintiff with its First Set of Requests for Production of Documents (attached hereto as **Exhibit A**) on October 19, 2016, and Plaintiff served his Original Answers to Defendant LR Credit 13, LLC's First Set of Discovery Demands (attached hereto as **Exhibit B**) on November 18, 2016.

Herbert Smith Freehills New York LLP and Herbert Smith Freehills, an Australian Partnership, are separate member firms of the international legal practice known as Herbert Smith Freehills.

Herbert Smith Freehills New York LLP is a limited liability partnership registered in England and Wales with registered number OC375072. Its registered office is at Exchange House, Primrose Street, London EC2A 2EG.



Date
January 30 2017
Letter to
Hon. Ronald L. Ellis

Plaintiff has refused to produce any documents responsive to several of LRC's document requests, including requests numbered 13 through 19.[1]  The parties met and conferred regarding Plaintiff's discovery responses; however, Plaintiff still refuses to produce documents responsive to certain requests. LRC now seeks to compel Plaintiff's production.

**Documents Concerning Plaintiff's Finances**

Document requests numbered 13 through 16 seek basic information concerning Plaintiff's finances.  In particular, they seek the following:

- Plaintiff's federal and state tax returns for the years 2014 and 2015 (Request No. 13);

- statements from the years 2014, 2015, or 2016 for any bank account, brokerage account, or retirement account held by Plaintiff (Request No. 14);

- documents sufficient to show Plaintiff's annual income in 2014, 2015, and 2016 (Request No. 15); and

- documents sufficient to show Plaintiff's net worth in 2014, 2015, and 2016 (Request No. 16).

Plaintiff has objected on privacy and relevance grounds.

Plaintiff's privacy objection lacks merit because his privacy concerns are adequately addressed by designating the responsive documents as "Confidential" pursuant to the Stipulated Confidentiality Agreement and Protective Order entered by Judge Daniels on September 28, 2016 (ECF No. 75). Indeed, the parties' stipulated confidentiality agreement expressly applies to, among other things, "net worth and financial information . . . including tax returns [and] bank statements."  (*See* § 2(a).)  Therefore, it was clearly contemplated by both parties that such documents would be produced in this case.

Plaintiff's relevance objection lacks merit because the discovery sought is reasonably calculated to lead to the discovery of relevant information.  Information concerning Plaintiff's finances is, or has the potential to be, relevant for multiple reasons.  First, Plaintiff's only alleged <u>actual</u> damages are for garden-variety emotional distress.  Assuming, *arguendo*, that Plaintiff can establish liability against LRC, the jury will need to quantify Plaintiff's alleged damages.  Information concerning Plaintiff's financial circumstances could be relevant to the jury's determination of the extent of alleged distress, if any, and the amount of money needed to compensate Plaintiff for his alleged emotional distress.  Second, Plaintiff alleges that LRC's default judgment against him caused his alleged emotional distress.  LRC is entitled to explore potential alternate causes of Plaintiff's alleged emotional distress, especially other factors affecting Plaintiff's financial circumstances, which may have caused the alleged distress.  The Complaint alleges that Plaintiff "feared . . . that he would not be able to pay his rent" and was "concerned about being able to provide for his growing family."  (Complaint ¶ 63.)  Those allegations put Plaintiff's financial situation directly in issue.  Therefore, LRC is entitled to documents responsive to requests numbered 13 through 16.

**Documents Concerning Plaintiff's Debts**

Document request number 17 seeks "documents and communications concerning any relationship between [Plaintiff] and First USA Bank."  First USA Bank was the name of the original creditor specified in the complaint in the underlying collections lawsuit against Plaintiff.  Strangely, Plaintiff objects to this

---

[1]  To help avoid confusion, LRC notes that Plaintiff incorrectly numbered some of LRC's document requests in his responses.  In this letter, LRC refers to the numbering used in its requests, not the incorrect numbering used in Plaintiff's responses.



Date
January 30 2017
Letter to
Hon. Ronald L. Ellis

request "on the grounds that it seeks discovery that is not relevant, nor reasonably tailored to lead to the discovery of relevant information." Notably, the Complaint expressly alleges that "Mr. Guzman has never had an account with 'FIRST USA BANK.'" (Complaint ¶ 25.) If Plaintiff has no responsive documents, then he should simply state that, but, to the extent Plaintiff has any documents responsive to this request, they must be produced, as such documents directly relate to the allegations in Plaintiff's complaint.

Relatedly, document request number 18 seeks "documents and communications concerning any relationship between [Plaintiff] and Banco Popular North America" and document request number 19 seeks "documents and communications concerning any consumer debt greater than $5,000 owed by [Plaintiff] between January 1, 2000 and May 1, 2007." Plaintiff objects to these requests on privacy and relevance grounds. Plaintiff's privacy objection again lacks merit for the same reason stated above—*i.e.*, Plaintiff can simply designate the documents as "Confidential" in accordance with the parties' Stipulated Confidentiality Agreement and Protective Order.

Additionally, document requests numbered 18 and 19 are reasonably calculated to lead to the discovery of relevant information. In particular, LRC seeks to explore information related to Plaintiff's consumer debts around the time of the debt identified in the underlying collections lawsuit. Such information could be relevant to both (1) Plaintiff's alleged emotional distress damages and (2) Plaintiff's allegation that "Defendants committed the above described acts willfully and/or knowingly." (Complaint ¶ 87.) For example, a validly existing debt owed by Plaintiff to an entity other than First USA Bank could evidence a clerical error in the underlying collections lawsuit and negate any intent. Documents responsive to these requests are highly relevant because a document produced in discovery suggests a possible debt owed by Plaintiff to Banco Popular North America during the relevant time period. Moreover, understanding Plaintiff's debt profile could provide irreplaceable insight into whether Plaintiff indeed reasonably experienced emotional distress relating to this one alleged debt. Therefore, LRC is entitled to documents responsive to requests numbered 18 and 19.

**Conclusion**

Accordingly, Defendant LR Credit 13, LLC seeks an order compelling Plaintiff Jose Guzman to produce any documents in his possession, custody, or control responsive to LRC's document requests numbered 13 through 19.

Respectfully submitted,

*/s/ Scott S. Balber*

Scott S. Balber

cc: all counsel of record (by ECF)

**CERTIFICATION OF CONFERENCE**

On December 8, 2016, I attempted to resolve the discovery issues described above during a telephonic meet and confer with Plaintiff's counsel. I spoke with Plaintiff's counsel for approximately thirty minutes, and we were unable to come to agreement on the disputes described above.

Dated: January 30, 2017
New York, New York

*/s/ Scott S. Balber*

Scott S. Balber

Case 1:16-cv-03499-GBD-RLE Document 141-12 Filed 07/30/17 Page 52 of 67 PageID #: 797

# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSE GUZMAN, | |
|                 Plaintiff, | |
|     -against- | |
| MEL S. HARRIS AND ASSOCIATES, LLC | Case No. 16-cv-03499 (GBD) |
| LR CREDIT 13, LLC | |
| MEL S. HARRIS | **LR CREDIT 13, LLC'S** |
| DAVID WALDMAN | **FIRST SET OF REQUESTS FOR** |
| KERRY H. LUTZ | **PRODUCTION OF DOCUMENTS** |
| TODD FABACHER | |
| MICHAEL YOUNG | |
| SAMSERV, INC | |
| JOHN ADINO | |
| WILLIAM MLOTOK | |
|              Defendants. | |

      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant LR Credit 13,

LLC hereby requests that Plaintiff Jose Guzman produce the documents and other materials

listed below in his possession, custody, or control for inspection and copying at the offices of

Herbert Smith Freehills New York LLP, 450 Lexington Avenue, 14th Floor, New York, New

York 10017, within 30 days of the service hereof.

**Definitions and Instructions**

      A.    These Requests incorporate by reference the full text of the definitions and rules

of construction set forth in the Local Rules of the United States District Courts for the Southern

and Eastern Districts of New York.

      B.    The term "communication" means the transmittal of information (in the form of

facts, ideas, inquiries or otherwise).

C.     The term "document" includes, but is not limited to, writings, emails, handwritten notes, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations.

D.     "You" and "your" refer to Plaintiff Jose Guzman.

E.     "Complaint" means Plaintiff's Complaint in this action dated May 10, 2016.

F.     If a portion of an otherwise responsive document contains information subject to a claim of privilege, those portions of the document subject to the claim of privilege shall be deleted or redacted from the document and the rest of the document shall be produced.

G.     Pursuant to Fed. R. Civ. P. 26(e)(l)(A), these Requests shall be deemed continuing in nature, and Plaintiff shall be under a continuing duty to furnish additional and supplemental responses and documents when such further responses and documents become known or available.

## **Document Requests**

1.     All documents and communications responsive to Samserv, Inc.'s and William Mlotok's Request for Production of Documents, dated September 27, 2016.

2.     All documents and communications concerning this action.

3.     All documents and communications concerning the events described in the Complaint.

4.     All documents and communications concerning any allegation in the Complaint.

5.     All documents and communications relating to all monetary damages allegedly sustained by you in connection with any event described in the Complaint.

6.     All documents and communications concerning all injuries you claim to have suffered as a result of the events described in the Complaint, including any emotional distress,

psychological harm, injury, or trauma you claim to have suffered as a result of the events described in the Complaint.

7.      All documents and communications concerning medications prescribed to or taken by you as a result of any injury or any emotional distress, psychological harm, injury, or trauma you claim to have suffered as a result of the events described in the Complaint.

8.      All documents and communications concerning any emotional distress, anxiety, difficulty sleeping, psychological harm, injury, or trauma you experienced or claimed to have experienced from 2000 to present, including, but not limited to, documents concerning any medications prescribed to or taken by you as a result of such a condition or any medical diagnosis or treatment regarding such a condition.

9.      All documents and communications in your possession, custody or control concerning any other Parties in this action, including any documents and communications provided by you to other Parties in this action.

10.     All documents and communications concerning the lawsuit captioned, *LR Credit 13, LLC v. Jose Guzman*, Index No. 043405-07/BX (Civil Court of New York, County of Bronx).

11.     All documents and communications concerning any expert you intend to use as a testifying expert at any trial in this action, including without limitation any and all source materials, records, and information that may be relied upon by, analyzed by, and/or provided to or received from such expert.

12.     All documents and communications you intend to use at any trial in this action.

13.     All of your federal and state tax returns for the years 2014 and 2015.

14.     All statements from the years 2014, 2015, or 2016 for any bank account, brokerage account, or retirement account held by you in your name.

15.     Documents sufficient to show your annual income in 2014, 2015, and 2016.

16.     Documents sufficient to show your net worth in 2014, 2015, and 2016.

17.     All documents and communications concerning any relationship between you and First USA Bank.

18.     All documents and communications concerning any relationship between you and Banco Popular North America.

19.     All documents and communications concerning any consumer debt greater than $5,000 owed by you between January 1, 2000 and May 1, 2007.

20.     All documents reflecting communications between you and your employer(s) concerning the events described in the Complaint.

21.     All documents or communications relating to the assertion in your Affidavit in Support of Order to Show Cause to Vacate Default Judgment and Dismiss for Lack of Personal Jurisdiction, dated July 23, 2015, that you had the meritorious defense of "Payment."

Dated: New York, New York
        October 19, 2016

                   HERBERT SMITH FREEHILLS NEW YORK LLP

                   By: _____

                       Scott S. Balber
                       David W. Leimbach
                       450 Lexington Ave, 14th Floor
                       New York, New York 10017
                       Tel:  (917) 542-7600
                       Fax:  (917) 542-7601
                       Scott.Balber@hsf.com
                       *Attorneys for Defendant LR Credit 13, LLC*

# CERTIFICATE OF SERVICE

On October 19, 2016, I caused true and correct copies of the foregoing First Set of Requests for Production of Documents to be served by regular first class mail and email upon the following:

Ahmad Keshavarz, Esq.
The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026
ahmad@NewYorkConsumerAttorney.com
*Attorneys for Plaintiff*

Jeffrey S. Lichtman, Esq.
O'HARE PARNAGIAN LLP
82 Wall Street, Suite 300
New York, New York 10005
jlichtman@ohareparnagian.com
*Attorneys for Defendants Samserv Inc. and William Mlotok*

Dated: New York, New York
October 19, 2016

David W. Leimbach

# **Exhibit B**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JOSE GUZMAN ,**<br><br>                  **Plaintiff,**<br><br>      **-AGAINST-**<br><br>**MEL S. HARRIS AND ASSOCIATES, LLC,**<br>**et al.,**<br><br>                  **Defendants.** | **No.Civ.: 1:16-cv-03499-GBD** |

## PLAINTIFF'S ORIGINAL ANSWERS TO DEFENDANT LR CREDIT 13, LLC'S FIRST SET OF DISCOVERY DEMANDS

Plaintiff JOSE GUZMAN serves the above referenced discovery instrument to the above referenced parties by and through said parties' counsel as indicated in the certificate of service below.

Respectfully submitted,

      /s/

Ahmad Keshavarz
THE LAW OFFICES OF AHMAD KESHAVARZ
16 Court St., 26th Floor
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax:    (877) 496-7809 (toll-free)
Email: ahmad@NewYorkConsumerAttorney.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day I served the above referenced document to the party listed below via email:

      Defendant LR Credit 13, LLC
      By and through its attorneys of record:
      Scott Sonny Balber
      David Wayne Leimbach
      Herbert Smith Freehills NY LLP
      450 Lexington Ave, 14th Floor
      New York, NY 10017
      Phone: 917-542-7600
      Fax: 917-5427601
      Email: scott.balber@hsf.com

Email: david.leimbach@hsf.com

Defendants Samserv, Inc and William Mlotok
By and through their attorney of record:
Jeffrey S. Lichtman
O'Hare Parnagian LLP
82 Wall Street, Suite 300
New York, NY 10005
Phone: 212-425-1401
Fax: 212-425-1425
Email: jlichtman@ohareparnagian.com

Date:  November 18, 2016
          Brooklyn, NY
/s/
Ahmad Keshavarz
Counsel for Plaintiff

## GENERAL RESPONSES AND OBJECTIONS

A.  Plaintiff objects to each request to the extent that it seeks communications between Plaintiff and his counsel or attorney workproduct.

B.  Where applicable, Plaintiff will supplement his discovery responses as this case progresses.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce the following documents:

1)  **All documents and communications responsive to Samserv, Inc,'s and William Mlotok's Request for Production of Document, dated September 27, 2016.**

    Plaintiff will produce documents responsive to this request, Subject to said objections and without waiving Plaintiff's objections to Samserv, Inc.'s and William Mlotok's Request for Production of Documents, dated September 27, 2016.

2)  **All documents and communications concerning this action.**

    Plaintiff objects to this request on the grounds that it seeks discovery that is overly broad, indefinite, and vague. Subject to said objections and without waiving the foregoing, Plaintiff will produce documents responsive to this request.

3)  **All documents and communications concerning the events described in the Complaint.**

    Plaintiff objects to this request on the grounds that it seeks discovery that is overly broad, indefinite, and vague. Subject to said objections and without waiving the foregoing, Plaintiff will produce documents responsive to this request.

4)  **All documents and communications concerning any allegation in the Complaint**

    Plaintiff objects to this request on the grounds that it seeks discovery that is overly broad, indefinite, and vague. Subject to said objections and without waiving the foregoing, Plaintiff will produce documents responsive to this request.

5)  **All documents and communications relating to all monetary damages allegedly sustained by you in connection with any event described in the Complaint.**

    Plaintiff objects to this request on the grounds that it seeks discovery that is overly broad, indefinite, and vague. Subject to said objections and without waiving the foregoing, Plaintiff will produce documents responsive to this request.

6)  **All documents and communications concerning all injuries you claim to have suffered as a result of the events described in the Complaint, including any emotional distress, psychological harm, injury, or trauma you claim to have suffered as a result of the events described in the Complaint.**

    Plaintiff objects to this request on the grounds that it seeks discovery that is overly broad, indefinite, and vague. Subject to said objections and without waiving the foregoing, Plaintiff will produce documents responsive to this request.

7) **All documents and communications concerning medications prescribed to or taken by you as a result of any injury or any emotional distress, psychological harm, injury, or trauma you claim to have suffered as a result of the events described in the Complaint.**

Plaintiff has no documents responsive to this request regarding prescriptions. Plaintiff is searching for responsive documents as to non-prescription medications, if any, and will supplement.

8) **All documents and communications concerning any emotional distress, anxiety, difficulty sleeping, psychological harm, injury, or trauma you experienced or claim to have experienced from 2000 to present, including, but not limited to, documents concerning any medications prescribed to or taken by you as a result of such a condition or any medical diagnosis or treatment regarding such a condition.**

Plaintiff objects to this request on the grounds that it seeks discovery that is overly broad, indefinite, and vague.

Plaintiff has no documents responsive to this request regarding prescriptions. Plaintiff is searching for responsive documents as to non-prescription medications, if any, and will supplement.

9) **All documents and communications in your possession, custody, or control concerning any other Parties in this action, including any documents and communications provided by you to other Parties in this action.**

10) Plaintiff objects to this request on the grounds that it seeks discovery that is overly broad, indefinite, and vague. Subject to said objections and without waiving the foregoing, Plaintiff will produce documents responsive to this request. This excludes any settlement agreement with the MSH Defendants, which is subject to a confidentiality provision.

11) **All documents and communications concerning the lawsuit captioned, *LR Credit 13, LLC v. Jose Guzman*, Index No. 043405-07/BX (Civil Court of New York, County of Bronx).**

Plaintiff objects to this request on the grounds that it seeks discovery that is overly broad, indefinite, and vague. Subject to said objections and without waiving the foregoing, Plaintiff will produce documents responsive to this request.

12) **All documents and communications concerning any expert you intend to use as a testifying expert at any trial in this action, including, without limitation, any and all source materials, records, and information that may be relied upon by, analyzed by, and/or provided to or received from such expert.**

Plaintiff will provide responsive documents, if any, pursuant to the scheduling order or pre-trial order in this case.

13) **All documents and communications you intend to use at any trial in this action.**

Plaintiff objects to this request on the grounds that it seeks discovery that is overly broad, indefinite, and vague. Subject to said objections and without waiving the foregoing, Plaintiff will comply with the pre-trial order in this case

14) **All of your federal and state tax returns for the years 2014 and 2015.**

Plaintiff objects to this request on the grounds that it seeks discovery that is not relevant, nor reasonably tailored to lead to the discovery of relevant information. Further, this request invades the privacy of Plaintiff.

15) **All statements from the years 2014, 2015, or 2016 for any bank account, brokerage account, or retirement account held by you in your name.**

Plaintiff objects to this request on the grounds that it seeks discovery that is not relevant, nor reasonably tailored to lead to the discovery of relevant information. Further, this request invades the privacy of Plaintiff.

16) **Documents sufficient to show your annual income in 2014, 2015, and 2016.**

Plaintiff objects to this request on the grounds that it seeks discovery that is not relevant, nor reasonably tailored to lead to the discovery of relevant information. Further, this request invades the privacy of Plaintiff.

17) **Documents sufficient to show your net worth in 2014, 2015, and 2016.**

Plaintiff objects to this request on the grounds that it seeks discovery that is overly broad, indefinite, vague, and seeks discovery that is not relevant, nor reasonably tailored to lead to the discovery of relevant information.

18) **All documents and communications concerning any relationship between you and First USA Bank.**

Plaintiff has never had a credit card with First USA Bank. Therefore, Plaintiff objects to this request on the grounds that it seeks discovery that is not relevant, nor reasonably tailored to lead to the discovery of relevant information.

19) **All documents and communications concerning any relationship between you and Banco Popular North America.**

Plaintiff was not alleged in the collection lawsuit to have a credit card with Banco Popular North America. Therefore, Plaintiff objects to this request on the grounds that it seeks discovery that is not relevant, nor reasonably tailored to lead to the discovery of relevant information.

20) **All documents and communications concerning any consumer debt greater than $5,000 owed by you between January 1, 2000 and May 1, 2007.**

Plaintiff objects to this request on the grounds that it seeks discovery that is overly broad, indefinite, vague, and seeks discovery that is not relevant, nor reasonably tailored to lead to the discovery of relevant information. Further, this request invades the privacy of Plaintiff.

21) **All documents reflecting communications between you and your employer(s) concerning the events described in the Complaint.**

Plaintiff will produce documents responsive to this request.

22) **All documents or communications relating to the assertion in your Affidavit in Support of Order to Show Cause to Vacate Default Judgment and Dismiss for Lack of Personal Jurisdiction, dated July 23, 2015, that you had the meritorious defense of "Payment."**

Plaintiff objects to this request on the grounds that it seeks discovery that is overly broad, indefinite, vague, and seeks discovery that is not relevant, nor reasonably tailored to lead to the discovery of relevant information.

## REQUESTS FOR INTERROGATORIES

1) **Identify all persons with knowledge concerning the events described in the Complaint, and state the subject matter of their knowledge.**

   See persons listed in Plaintiff's initial disclosures and any amendments thereto. Those answers are hereby incorporated by reference.

2) **Identify all persons with knowledge of all injuries or damage you claim to have suffered as a result of the events described in the Complaint.**

   See persons listed in Plaintiff's initial disclosures and any amendments thereto. Those answers are hereby incorporated by reference.

3) **Identify all persons with knowledge of any emotional distress, psychological harm, injury, or trauma you claim to have suffered as a result of the events described in the Complaint.**

   See persons listed in Plaintiff's initial disclosures and any amendments thereto. Those answers are hereby incorporated by reference.

4) **Identify all persons with knowledge of medications prescribed to or taken by you as a result of any injury or any psychological harm, injury, or trauma you claim to have suffered as a result of the events described in the Complaint.**

   Not applicable as to prescription medications. Plaintiff will amend as to over-the-counter drugs.

5) **Identify all persons with knowledge of treatments you have received in connection with any injury or any psychological harm, injury, or trauma you claim to have suffered as a result of the events described in the Complaint.**

   Not applicable.

6) **For all damages you claim have arisen from the events described in the Complaint, state with particularity (a) the calculations used to determine each category of damages, (b) the categories and amounts of any damages, lost contracts, lost profits, or out-of-pocket expenses, and (c) the efforts you employed, if any, to mitigate your purported damages.**

   Objection, this request violates Local Rule 33.3. Subject to said objections and without waiving the same, Plaintiff states that his initial disclosure answers (and any amendments thereto) provide "the basis for a computation of each category of damages claimed by the Plaintiff" as per Fed.R.Civ.P. 26(a)(1) and Local Rule 33.3(a). Those answers are incorporated by reference.

7) **Identify the location of all documents and communications concerning the events described in the Complaint.**

   Subject to the prior objections to the document production demands, I have provided responsive documents to my counsel.

On information and belief, the original Defendants in this action have documents responsive to this request.

**8)** **Identify all persons possessing photographs or video or audio recordings of any of the events described in the Complaint.**

None to my knowledge.

**9)** **Set forth the date that you first experienced the emotional distress described in Paragraph 63 of the Complaint.**

Objection, this request violates Local Rule 33.3.

**10)** **Identify all persons who have knowledge of any fact pertaining to the emotional distress.**

See persons listed in Plaintiff's initial disclosures and any amendments thereto. Those answers are hereby incorporated by reference.

**11)** **Identify all persons who can compare your emotional condition prior to and following your receipt of the information subpoena and questionnaire referenced in Paragraph 63 of the Complaint.**

See persons listed in Plaintiff's initial disclosures and any amendments thereto. Those answers are hereby incorporated by reference.

**12)** **Set forth the amount of compensation to which you claim to be entitled as a result of the emotional distress.**

Objection, this request violates Local Rule 33.3. Subject to said objections and without waiving the same, Plaintiff states that his initial disclosure answers (and any amendments thereto) provide "the basis for a computation of each category of damages claimed by the Plaintiff" as per Fed.R.Civ.P. 26(a)(1) and Local Rule 33.3(a). Those answers are incorporated by reference.

**13)** **Set forth the method by which you calculated the amount to which you claim to be entitled as a result of the emotional distress.**

Objection, this request violates Local Rule 33.3. Subject to said objections and without waiving the same, Plaintiff states that his initial disclosure answers (and any amendments thereto) provide "the basis for a computation of each category of damages claimed by the Plaintiff" as per Fed.R.Civ.P. 26(a)(1) and Local Rule 33.3(a). Those answers are incorporated by reference.

**14)** **If you have ever resided at the address 1304 Boston Rd., Bronx, NY 10456, set forth the start date(s) and the end date(s) for any period(s) of time during which you resided there.**

Objection, this request violates Local Rule 33.3.

**15)** **Set forth the start date(s) and end date(s) for any period(s) of time during which you resided at 735 East 163rd St., Apt 3G, Bronx, NY 10456.**

Objection, this request violates Local Rule 33.3.

16) **State the amount for your gross annual income in the years 2014 and 2015 and the amount of your expected gross annual income in the year 2016.**

Objection, this request violates Local Rule 33.3. Plaintiff further objects to this request on the grounds that it seeks discovery that is overly broad, indefinite, vague, and seeks discovery that is not relevant, nor reasonably tailored to lead to the discovery of relevant information.

17) **State the amount of your net worth in the years 2014 and 2015 and at present.**

Objection, this request violates Local Rule 33.3. Plaintiff further objects to this request on the grounds that it seeks discovery that is overly broad, indefinite, vague, and seeks discovery that is not relevant, nor reasonably tailored to lead to the discovery of relevant information.

18) **Describe the relationship, if any, between you and Banco Popular North America.**

Objection, this request violates Local Rule 33.3. Plaintiff further objects to this request on the grounds that it seeks discovery that is overly broad, indefinite, vague, and seeks discovery that is not relevant, nor reasonably tailored to lead to the discovery of relevant information.

19) **Did you incur any consumer debt greater than $5,000 owed to any creditor, during the period January 1, 2000 to May 1, 2007? If the answer is yes, set forth for each such debt 1) the date the debt was incurred, 2) the amount of the debt, 3) the name of the creditor, and 4) a brief description of the reason for the debt.**

Objection, this request violates Local Rule 33.3. Plaintiff further objects to this request on the grounds that it seeks discovery that is overly broad, indefinite, vague, and seeks discovery that is not relevant, nor reasonably tailored to lead to the discovery of relevant information.

20) **Set forth the basis, if any, for the assertion in your Affidavit in Support of Order to Show Cause to Vacate Default Judgment and Dismiss for Lack of Personal Jurisdiction, dated July 23, 2015, that you have the meritorious defense of "Payment."**

Objection, this request violates Local Rule 33.3.

21) **Identify each witness, including experts, you anticipate testifying in this matter and the subject matter of each witness's testimony.**

Objection, this request violates Local Rule 33.3. Objection, seeks information governed by attorney workproduct. Subject to said objections and without waiving the same, see Rule 26 disclosures and any amendments thereto. Plaintiff will comply with the pretrial scheduling order.