

Hon. Vera M. Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Herbert Smith Freehills New York LLP
450 Lexington Avenue, 14th floor
New York, NY 10017
USA
T  +1 917 542 7600
F  +1 917 542 7601
D  +1 917 542 7810
E  scott.balber@hsf.com
www.herbertsmithfreehills.com

Our ref
30991826
Your ref

Date
May 08 2017

By ECF

Re:   *Bueno v. Mel S. Harris and Associates, LLC, et al.*
      Case No. 1:16-cv-04737-WFK-VMS
      **Defendant LR Credit 18, LLC's Response to Plaintiff's Motion to Compel**

Dear Judge Scanlon:

This firm represents Defendant LR Credit 18, LLC ("LRC") in the above-captioned action.  LRC submits this letter in response to Plaintiff's letter motion to compel LRC to produce a new privilege log, produce collection notes, or allow *in camera* inspection of such notes ("Pl.'s Ltr.").  (Dk. No. 68).  For the reasons set forth below, Plaintiff's motion should be denied.

**Background**

Plaintiff is an individual who opted out of the recovery conferred by settlement of the class action entitled *Sykes v. Mel S. Harris, LLC, et al.,* 1:09-cv-08486-DC (S.D.N.Y.).  On August 24, 2016, Plaintiff filed a complaint against Mel S. Harris & Associates ("MSH"), LRC, Mel S. Harris, Todd Fabacher, Michael Young, David Waldman, Samserv, Inc., Husam Al-Atrash, and William Mlotok, asserting claims based on alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and New York General Business Law § 349.  MSH was LRC's legal counsel in the underlying collection lawsuit captioned *LR Credit 18, LLC v. Agustina Bueno*, No. cv-030133-09/QU (Civil Court of New York, County of Queens) (the "Bueno Collection Lawsuit").

The collection notes sought by Plaintiff are the notes made by MSH in connection with the Bueno Collection Lawsuit.  The notes contain multiple entries – each reflecting a date and comments – but there is not an author identified for each specific entry.

The collection notes were originally drafted and maintained by MSH and are currently in the possession of Stephen Einstein & Associates, P.C. ("Einstein"), the law firm that assumed possession of certain MSH files after MSH ceased doing business.  Einstein is not currently LRC's counsel, and LRC did not possess a copy of the collection notes until April 7, 2017.  In response to a document subpoena served by Plaintiff, Einstein produced non-privileged documents in its Bueno client file to Plaintiff.  (Exhibit 1 (Einstein document production cover letter).)  On April 24, 2017, Einstein provided a privilege log to Plaintiff

Herbert Smith Freehills New York LLP and Herbert Smith Freehills, an Australian Partnership, are separate member firms of the international legal practice known as Herbert Smith Freehills.

Herbert Smith Freehills New York LLP is a limited liability partnership registered in England and Wales with registered number OC375072. Its registered office is at Exchange House, Primrose Street, London EC2A 2EG.



Date
May 08 2017
Letter to
Hon. Vera M. Scanlon

reflecting LRC's assertion that the collection notes are protected from discovery under the attorney work product doctrine. (Dk. No. 68, Ex. A.) The collection notes are the only document Einstein has withheld due to LRC's assertion of the attorney work product doctrine.

**The Collection Notes Are Privileged And Protected By The Attorney Work Product Doctrine**

As Plaintiff is aware, attorney work product is protected from discovery under Fed. R. Civ. P. 26(b)(3). "Documents prepared in anticipation of litigation are work product, even when they are also intended to assist in business dealings." *Schaeffler v. United States*, 806 F.3d 34, 43 (2d Cir. 2015). An attorney's protected thought processes go beyond preparing legal theories and include "trial tactics[] and sifting through information." *In re Steinhardt Partners, L.P.*, 9 F.3d 230, 234 (2d Cir. 1993). "[F]actual material, including the result of a factual investigation" also "falls within the ambit of the work product doctrine," although fact work product "does not receive the heightened protection afforded opinion work product." *Gucci Am., Inc. v. Guess?, Inc.*, 271 F.R.D. 58, 73 (S.D.N.Y. 2010) (internal citation omitted).

MSH's collection notes fall squarely within the attorney work product doctrine because they were prepared in connection with, and therefore directly relate to, the underlying Bueno Collection Lawsuit. *See Schaeffler*, 806 F.3d at 43 (holding that work product doctrine protects documents "fairly . . . said to have been prepared or obtained because of the prospect of litigation."). Indeed, their very purpose was to assist MSH attorneys in litigating the Bueno Collection Lawsuit and enforcing the judgment thereon.

Plaintiff argues the collection notes are discoverable because they "were collected for the primary purpose of collecting charged-off consumer debts" and MSH "could not reasonably [have expected its collection efforts] to result in litigation." (Pl.'s Ltr. at 3.) This unsupported claim is demonstrably false, however, because **MSH did in fact initiate the Bueno Collection Lawsuit**. Therefore, it reasonably anticipated that its collection efforts would result in litigation. Plaintiff's reliance on *Yancey v. Hooten* (Pl.'s Ltr. at 3) is misplaced because, unlike in this case, no collection lawsuit was ever commenced. 180 F.R.D. 203 (D. Conn. 1998). *Avoletta v. Danforth* (cited in Pl.'s Ltr. at 3) is similarly inapposite because that proceeding did not concern collection notes. No. 3:11-cv-1126, 2012 WL 3113151 (D. Conn. July 31, 2012). Rather, the defendant law firm attempted to withhold every document relating to the underlying collection dispute as attorney work product, including the client file. *Id.* at *2. Notably, LRC is only claiming attorney work product protection for the collection notes that LRC's counsel prepared in connection with the Bueno Collection Lawsuit.

Recognizing the frivolousness of its argument that the collection notes are not privileged, Plaintiff attempts to claim that LRC waived the privilege by "put[ting] the conduct of its counsel directly at issue." (Pl.'s Ltr. at 4.) This specious argument fundamentally misunderstands the nature of LRC's defenses. The questions of whether LRC is vicariously liable for MSH's conduct or can maintain a bona fide error defense rest only on whether LRC exercised control over MSH's collection efforts or is independently culpable. Those defenses do not implicate MSH's collection efforts themselves in any way. *See Bodur v. Palisades Collection, LLC,* 829 F.Supp.2d 246, 259 (S.D.N.Y. 2011) ("Without evidence that [the defendant] exercised control over [it's law firm debt collector's] conduct . . . [the defendant] is not vicariously liable [under the FDCPA]"); 15 U.S.C. § 1692k(c) (a debt collector is not liable under the FDCPA where it shows "the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error"). Plaintiff does not (and cannot) even suggest how information relevant to these issues might be contained in the collection notes. (*See* Pl.'s Ltr. at 1 (describing the collection notes as a log of MSH's actions when "they



Date
May 08 2017
Letter to
Hon. Vera M. Scanlon

send dunning letters, communicate with consumers, Marshals, or banks, or conduct other collection activities").)[1]

Finally, the withholding of the collection notes does not "deprive Plaintiff of the opportunity to pursue discovery of the relevant issues in this action." (Pl.'s Ltr. at 4.)  Einstein produced MSH's Bueno client file, which directly relates to the collection activities that are discussed by counsel in the collection notes.  In addition, Plaintiff conducted a five-hour deposition of a former MSH employee.  On May 3 and 4, 2017, Plaintiff issued subpoenas demanding documents and deposition testimony from three additional former MSH employees.  Plaintiff cannot compel the production of protected attorney work product when it has had ample opportunities to pursue discovery of MSH's collection efforts.  See Fed. R. Civ. P. 26(b)(3)(A)(ii) (attorney work product is not discoverable unless a "party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means").[2]

**The Privilege Log Comports With Local Civil Rule 26.2**

Plaintiff claims that the privilege log does not comport with Local Civil Rule 26.2 because LRC (1) did not have separate entries for each and every comment contained in the collection notes, and (2) did not produce the privilege log when it served its objections to Plaintiff's document request.  Neither of these arguments has merit.

Nothing in Rule 26.2 requires multiple privilege log entries for a single document containing information input over a period of time.  To the contrary, the plain language of Rule 26.2 affirms that it is "presumptively proper" to group even *separate* documents together when asserting privilege on the same basis:

> *"[W]hen asserting privilege on the same basis with respect to multiple documents, it is presumptively proper to provide the information required by this rule by group or category*.  A party receiving a privilege log that groups documents or otherwise departs from a document-by-document or communication-by-communication listing may not object solely on that basis, but may object if the substantive information required by this rule has not been provided in a comprehensible form."

Local Civil Rule 26.2(c) (emphasis added).  Plaintiff's argument has even less merit in this case where there is only one document and not multiple separate documents grouped together.  In addition, given that the author of each entry in the collection notes is not known, creating a separate privilege log entry for each entry in the notes would not provide Plaintiff with any additional substantive information.

---

[1] Assuming arguendo that LRC had placed MSH's collection activities at issue, "the fact that a privileged communication may merely be relevant to a claim or defense is insufficient to forfeit protection" of the attorney-client privilege or work product protection.  *Foster v. City of N.Y.*, No. 14-cv-4142, 2016 WL 524639, at *3 (S.D.N.Y. Feb. 5, 2016), citing *In re Cty. of Erie*, 546 F.3d 222, 229 (2d Cir. 2008).  Therefore, Plaintiff is still not entitled to the protected collection notes.

[2] Plaintiff's obligation to demonstrate that it cannot obtain the notes' "substantial equivalent by other means" applies if the notes reflect fact work product.  *In re Veiga*, 746 F. Supp. 2d 27, 35 (D.D.C. 2010) (citing Fed. R .Civ. P. 26(b)(3)(A)(ii)) (contrasting fact work product with opinion work product, which is "virtually undiscoverable").  Accordingly, Plaintiff's contention that some of the entries may contain fact-based work product (Pl.'s Ltr. at 4) is unavailing.



Date
May 08 2017
Letter to
Hon. Vera M. Scanlon

Plaintiff's claim that the privilege log is untimely is similarly baseless.  As Plaintiff is well aware, Einstein maintained sole possession of the collection notes until April 7, 2017, when LRC obtained a copy in order to respond to Plaintiff's motion to compel the production of a privilege log, which was filed earlier that day.  (Dk. No. 63.)  Accordingly, LRC did not assert a privilege claim concerning the collection notes on January 2, 2017, as Plaintiff contends it should have.  (Pl.'s Ltr. at 3.)  LRC explained this at the April 13, 2017 discovery conference when it committed to produce a privilege log forthwith, and neither Plaintiff, nor the Court, voiced any objections regarding this timing.  Furthermore, Plaintiff cannot claim to have suffered any prejudice from the alleged "delay" because the production of documents in this case is not yet complete.  Both Plaintiff and LRC are currently awaiting the entry of a protective order.  (Exhibit 2 (Pl.'s Answers to LRC's First Doc. Req.) at Answers 1-5, 9-11.)

**Conclusion**

Plaintiff has now filed four letter motions to compel in the last six weeks, including three directed at LRC, none of which had any merit whatsoever.  Plaintiff's frivolous motion practice not only seeks to waste LRC's resources, but it also unnecessarily taxes this Court's limited judicial resources.  For the foregoing reasons, Plaintiff's letter motion should be denied.

Respectfully submitted,

*/s/ Scott S. Balber*

Scott S. Balber

cc: all counsel of record (by ECF)