```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
AGUSTINA BUENO,                                                :
                                                               :
                            Plaintiff,                         :
                                                               :              ORDER
            -against-                                          :
                                                               :     16 Civ. 4737 (WFK) (VMS)
LR CREDIT 18, LLC, HUSAM AL-ATRASH,                            :
WILLIAM MLOTOK, SAMSERV, INC.                                  
                                                               
                            Defendants.                        
-------------------------------------------------------------- X
```

**VERA M. SCANLON, United States Magistrate Judge:**

For the reasons set forth below, Plaintiff's motions to enforce the subpoena of Stephen Einstein & Associates, P.C. at ECF No. 59 and to compel production of a privilege log or the collection notes at ECF No. 68 are granted in part and denied in part; Plaintiff's motion to compel the production of various categories of documents from the Samserv Defendants at ECF No. 60 is granted in part and denied in part; and Plaintiff's motion for a protective order at ECF No. 67 is denied as moot in light of the May 11, 2017 Order granting the motion for a protective order at ECF No. 56.

    **A. Plaintiff's Motion to Enforce Subpoena of Stephen Einstein & Associates, P.C. at ECF No. 59 and Plaintiff's Motion to Compel Defendant LR Credit 18, LLC to Produce Collection Notes at ECF No. 68**

First, the Court addresses Plaintiff's motion to enforce the subpoena of Stephen Einstein & Associates, P.C., see ECF No. 59, and Plaintiff's motion to compel Defendant LR Credit 18, LLC ("LRC") to provide a compliant privilege log, produce the collection notes, or provide the collection notes to the Court for in camera review, see ECF No. 68. In both motions, Plaintiff seeks to compel the production of collection notes prepared by Mel S. Harris & Associates ("MSH") in the course of its representation of the LRC Defendants in the state court collection

1

lawsuit underlying this Fair Debt Collection Practices Act ("FDCPA") action, which are currently being stored on a server at Stephen Einstein & Associates, P.C. ("Einsten"), a non-party custodian. See ECF No. 59. In the alternative, Plaintiff asks that the Court review the collection notes in camera to determine whether they are discoverable.

The LRC Defendants contend that the collection notes are "not discoverable because they contain the thoughts and mental impressions of LRC's counsel in connection with the underlying collection lawsuit LR Credit 18, LLC v. Agustina Bueno, Index No. CV-030133-09/QU (Civil Court of New York, County of Queens)." ECF No. 66. Plaintiff counters that the notes, although prepared by attorneys, contain non-privileged information and "were collected for the primary purposes of collecting charged-off debts, the vast majority of which could not reasonably be expected to result in litigation." ECF No. 59 at 2.[1]

In Mohr v. Sec. Credit Servs., LLC, 141 F. Supp. 3d 179 (N.D.N.Y. 2015), the court addressed a similar issue. There, in response to a motion to compel collection notes related to the state court collection lawsuit underlying that FDCPA action, the defendants similarly argued that the collection notes were privileged. The court ordered the defendants to provide the collection notes to the court for in camera review to determine "whether the redacted portions [of the collection notes] contain solely mental processes or opinions of counsel, or also contain some factual, non-protected material that should be disclosed." Id. at 183. Upon reviewing the notes,

---

[1.] Plaintiff also argues that the attorney-client privilege only applies "to communications made in confidence by a client for the purpose of eliciting legal advice" and therefore only covers "those portions of the collection notes that describe qualifying communications from LRC to its counsel." ECF No. 59 at 3. Regardless of the strength of that argument, it does not address the work-product doctrine, which forms a separate basis for the LRC Defendants' objection to production of the collection notes. In addition, Plaintiff argues that "the collection notes were not made for LRC, but for a non-attorney debt collector intermediary," suggesting that they are not subject to privilege. ECF No. 59 at 3. Einstein and the LRC Defendants have represented that the collection notes were prepared by MSH for LRC. ECF Nos. 66 & 64.

2

the court determined that four of the entries at issue were privileged and the remaining entries were not privileged and subject to discovery.  Decision and Order, Mohr v. Sec. Credit Servs., LLC, 14 Civ. 981 (MAD) (CFH) (N.D.N.Y. Jan. 26, 2016), ECF No. 65 at 3.

This motion is so similar to Mohr that its guidance is well-applied here.  Accordingly, in light of the parties' conflicting descriptions of the collection notes and the possibility that the notes contain relevant non-privileged information, the Court directs the LRC Defendants or Einstein to submit the collection notes to the Court for in camera review within seven days of this Order.

### B. Plaintiff's Motion to Compel Production of Various Categories of Documents from Samserv Defendants at ECF No. 60

Second, the Court addresses Plaintiff's motion to compel discovery responses from the Samserv Defendants, including (1) admissions regarding the Declaration of Nicholas Egleson (the "Egleson Declaration") or, in the alternative, the Microsoft Access database entitled "Process Service Management System" that is referenced in the Egleson Declaration; (2) documents relating to Ms. Bueno or any debt alleged to be owed by her, or attempts to collect any debts alleged to be owed by her; and (3) documents from the Sykes class action.  The Court addresses each of these requests in turn.

#### a. The Egleson Declaration/Process Service Management System

Plaintiff seeks to compel the Samserv Defendants to respond to its requests to admit the facts stated in select paragraphs of the Egleson Declaration, or in the alternative, to produce the database on which Nicholas Egleson relied in the Egleson Declaration.  See ECF No. 60; see also Egleson Decl., ECF No. 1, Exhibit H.  The Egleson Declaration was prepared in connection with the Skyes class action lawsuit of which Plaintiff in this case opted out.  It summarizes Mr. Egleson's analysis of a database entitled "Process Service Management System," which contains

3

records of all service of process performed by Samserv for Mel Harris and Associates, LLC, from January 2007 through January 2011. See Egleson Decl., ECF No. 1, Exhibit H at 1-2.

The Samserv Defendants contend that Plaintiff's requests to admit/request for production of the database are disproportionate to the needs of this case. See ECF No. 69. They argue that the declaration of Mr. Egleson "was a product of a sprawling class action that extended into territory far beyond the allegations here," that evaluating whether 2,915 purported instances of service of process were done before assignment of process to the server would be overly burdensome, and that such an analysis would "shed no light on whether Samserv might or might not be a debt collector and in no way would be reasonably tailored to any evidentiary value in this case." Id. at 2-3. Defendants further suggest that Plaintiff's requests are motivated by "Plaintiff's desire to obtain data reflected in the declaration of Mr. Egleson as to Samserv's experiences with service of process for Mel Harris firm on behalf of the Leucadia plaintiffs for cases in the New York City Civil Courts." Id.

Plaintiff counters that he needs the admissions or the database to carry his burden of proving Defendants' debt-collector status under the FDCPA. ECF No. 60 at 3. To prove debt-collector status, Plaintiff must show that either (1) engaging in debt collection activity was the "principal purpose" the defendant entity's business, or (2) the business "regularly" engaged in such activity. See Goldstein v. Hutton, Ingram, Yuzek, Carroll & Bertolotti, 374 F. 3d 56, 61 (2d Cir. 2004). The Second Circuit has held that "the absolute number of debt collection communications issued, and/or collection-related litigation matters pursued, over the relevant period(s)" and the "frequency of such communications and/or litigation activity, including whether any patterns of such activity are discernable" are among the most important factors for courts to consider in determining regularity. Id. at 62.

4

The Samserv Defendants have not pointed to any information other than the data in the Process Service Management System on which Plaintiff could rely to demonstrate the volume and frequency of debt collection activities during the relevant period. Accordingly, the Court concludes that Plaintiff's requests for admission or, in the alternative, request for production of data from the Process Service Management System is justified.

The Samserv Defendants suggest that the relevant period for purposes of establishing regularity should be limited to April 2009, the month when Ms. Bueno was served with the process that forms the basis of the Complaint in this action. Although the Court agrees with the Samserv Defendants that the relevant period need not include the full four-year period at issue in the Sykes class action, limiting the analysis to the month in which Ms. Bueno was served with the process underlying this action would be insufficient to enable a complete assessment of the regularity of Defendants' activities. Although the Second Circuit has not expressly opined as to what constitutes the relevant period for purposes of establishing regularity, in Goldstein, the Second Circuit concluded that the issuance of 145 three-day notices within the 12-month period immediately preceding the commencement of that litigation supported a determination that the defendant's debt collection practices were "regular." Id. at 63-64. Not only did the court in Goldstein look to the absolute number of notices issued over that one-year period, but also to the fact that "more than 10 notices were issued in each of at least 7 calendar months of that period, and more than 15 notices were issued in 3 calendar months of that period." Id. at 63-64. Here, a one-month period would not be sufficient to determine whether patterns like those identified in Goldstein are present. Accordingly, to the extent the Samserv Defendants decline to admit the

allegations stated in the Egleson Declaration, the Samserv Defendants are directed to produce the portions of the database that relate to the one-year period from May 2008 through April 2009.[2]

### b.  Documents Relating to Ms. Bueno

Next, the Court addresses Plaintiff's request for "[a]ll documents . . . regarding Agustina Bueno or any debt alleged to be owed by her, or attempts to collect any debts alleged to be owed by her."  See ECF No. 60 at 3.  In light of the Court's entry of the parties' agreed-upon protective order on May 11, 2017, and the Samserv Defendants' representation that they will produce responsive documents following the entry of a protective order, see ECF No. 69 at 5-6, the Samserv Defendants are directed to produce such documents by June 20, 2017.

### c.  Documents from the Sykes Class Action

Next, the Court addresses Plaintiff's request to compel the production of documents involved in the Sykes litigation, including "[a]ny transcript of the deposition of you or any process server in the Sykes lawsuit" and "[t]he sealed documents in Sykes that are docket entries DE 68, 87-89, 91 and 104."  See ECF No. 60 at 4.  In Guzman, a related Sykes opt-out case, Magistrate Judge Ellis determined that the requested production of the class certification pleadings and discovery from Sykes v. Mel S. Harris, LLC et al., 09-cv-8486 (DC) (S.D.N.Y.), including records sealed pursuant to a protective order, was "overbroad and would impose disproportionate and undue burdens on the Samserv Defendants not justified by the speculative relevance to Plaintiff's individual claim."  See Guzman et al v. Mel S. Harris & Assoc., LLC et al, 16 Civ. 3499 (GBD) (RLE) (S.D.N.Y. Dec. 15, 2016), ECF No. 103 (Judge Daniels's Order rejecting the plaintiff's partial objection to the order issued by Magistrate Judge Ellis denying the

---

[2.] This Order does not preclude Defendants from requesting that the production costs be shifted in whole or in part to Plaintiff if the costs are, in fact, significant or disproportionate to the value of the case.

6

plaintiff's motion to compel). Although Plaintiff in this case has attempted to narrow the discovery requests in response to the ruling in Guzman, the same remains true here.

First, as the Samserv Defendants note, Plaintiff's request for certain sealed documents in the Sykes case is almost identical to Plaintiff's request in Guzman, which Magistrate Judge Ellis denied. See ECF No. 69. Although Plaintiff here specifically lists the sealed documents included in Plaintiff's request, that list includes all of the sealed documents on the Sykes docket pertaining to class certification, and there is no reason offered to support the belief that any of those documents is specifically relevant to Plaintiff's case. Although the documents are sealed, the Court can surmise that a properly briefed class action motion would address issues far beyond the legal issues identified by Plaintiff or requiring discovery in this case. It would be unreasonable at this stage to have Defendants produce so many documents of speculative relevance and to effectively force Defendants to litigate the settled class action by way of the few opt-out cases not covered by the Sykes settlement.

Second, the confidentiality determination made in the Sykes litigation continues to outweigh Plaintiff's claim that the transcripts of the depositions of the Samserv Defendants and process servers in the Sykes lawsuit are relevant to Plaintiff's claim that Samserv regularly executes false affidavits of service.

Third, the Samserv Defendants have made clear that they are "not aware of any transcript of a deposition of Samserv, Inc. or William Mlotok conducted in the Sykes Litigation . . . ." ECF No. 60-2 at 4-5. To the extent there may be transcripts of individual process servers who were employed by the Samserv Defendants during the relevant timeframe, Plaintiff does not support her view that those transcripts contain any information that bears on the issue of the regularity of the Samserv Defendants' alleged sewer service. As Plaintiff will be receiving a

portion of the database relating to process service, Plaintiff will have an opportunity to explore whether the Samserv Defendants are debt collectors under the FDCPA, and thus has not shown a need for the sealed documents.

Accordingly, Plaintiff's motion to compel the Samserv Defendants to produce "[a]ny transcript of the deposition of you or any process server in the Sykes lawsuit" and "[t]he sealed documents in Sykes that are docket entries DE 68, 87-89, 91 and 104" is denied.

### C. Plaintiff's Motion for a Protective Order at ECF No. 67.

The Court denies Plaintiff's motion for a protective order at as moot in light of the Court's May 11, 2017 Order granting Plaintiff's motion for a protective order at ECF No. 56.

Dated:  Brooklyn, New York
        June 6, 2017

*Vera M. Scanlon*

VERA M. SCANLON
United States Magistrate Judge